## 28680. KEENER v. MacDOUGALL.

INGRAM, Justice.

We decide in this appeal whether two 1972 Acts of the General Assembly of Georgia legally can co-exist or whether these Acts are in irreconcilable conflict. The Acts in question are Ga. L. 1972, pp. 386, 387 (H. B. No. 267) and Ga. L. 1972, pp. 623, 624 (S. B. 376), both relating to waiver of grand jury indictment in capital felony cases under Code Ann. § 27-704. The House Bill was approved by the Governor on March 27, 1972, and the Senate Bill was approved on March 30, 1972. As no effective date was provided in either Act, each became effective on July 1, 1972. See Code Ann. § 102-111. The legislative journey of the two Acts through the General Assembly of Georgia is shown on the charts attached as appendices to this opinion.

The present controversy, involving these two Acts, began when the appellant pleaded guilty on July 13, 1972 in Cook Superior Court on two accusations of armed robbery, and also pleaded guilty to several other lesser offenses. Appellant was represented by counsel at the time and he waived grand jury indictment on all the offenses. Thereafter, appellant filed an action in the nature of mandamus in Fulton Superior Court asserting that the Superior Court of Cook County had no jurisdiction to accept appellant's earlier pleas to the two accusations of armed robbery and that the appellee, as Director of Corrections, should be directed to ignore the sentences from these convictions in computing appellant's total time of service in the penitentiary. The Superior Court of Fulton County concluded that the pleas

of guilty to the accusations of armed robbery were valid under the 1972 Acts and denied appellant any relief by granting a summary judgment in favor of the appellee. This is the posture of the case on appeal to this court.

Armed robbery is a capital felony. Code Ann. § 26-1902. In *Webb v. Henlery,* 209 Ga. 447 (74 SE2d 7), this court concluded that a defendant could not waive indictment by grand jury in a capital felony case. This clearly was settled law in Georgia until passage of the two Acts of the General Assembly in 1972. See *Brown v. Caldwell,* 231 Ga. 677 (203 SE2d 542) (1974). In the House Bill (Ga. L. 1972, pp. 386-387), provision was made for persons accused of capital felonies to waive grand jury indictment. However, the Senate Bill (Ga. L. 1972, p. 623) appears to have restated the law as it previously existed, i. e., a grand jury indictment cannot be waived in a capital felony case.

Thus, it becomes necessary to examine the two 1972 enactments of the General Assembly to determine what effect, if any, each has on the other and to see if the provisions of the two statutes can be harmonized so that both statutes can be given effect.

The title and pertinent provisions of House Bill 267, as set out in Ga. L. 1972, pp. 386-387 are as follows: "An Act to amend Code section 27-704, relating to the waiver of indictments and the trial of defendants upon accusation, as amended, so as to provide that defendants who consent thereto may plead guilty to capital felonies without necessity of being indicted by a grand jury; to provide for accusations in certain misdemeanor cases; to provide that indictment by a grand jury shall not be required in certain cases; to provide that no waiver of an indictment by a grand jury shall be valid in any capital felony case unless the party waiving indictment is represented by counsel; to provide for all matters relative thereto; to repeal conflicting laws; and for other purposes."

Section 1 of the law reads in part as follows: "Code section 27-704, relating to the waiver of indictments and the trial of defendants upon accusation, as amended, is hereby amended by striking said Code section in its entirety and substituting in lieu thereof a new Code

section 27-704, to read as follows: '. . . *In all felony cases* in which the defendants have been bound over to the superior court, or have waived commitment trial, the District Attorney shall have authority to prefer accusations, and such parties shall be tried on such accusation: Provided, that parties going to trial under such accusations shall in writing waive indictment by a grand jury; and provided further, that no waiver shall be valid in any capital felony case unless the party waiving indictment by a grand jury is represented by counsel.' '" (Emphasis supplied.)

The title to Senate Bill 376, as set out in Ga. L. 1972, pp. 623, 624, is as follows: "An Act to amend Code Section 27-704, relating to waiver of indictments and the trial of defendants upon accusations, as amended, so as to provide for accusations in certain misdemeanor cases; to provide that indictment by a grand jury shall not be required in certain cases; to provide for all matters relative thereto; to repeal conflicting laws; and for other purposes."

Section 1 of this Act reads in part as follows: "Code Section 27-704, relating to the waiver of indictments and the trial of defendants upon accusations, as amended, is hereby amended by striking said Code Section in its entirety and substituting in lieu thereof a new Code Section 27-704, to read as follows: '. . . *In all felony cases, other than capital felonies,* . . . prosecuting officers of such court shall have authority to prefer accusations, and such parties shall be tried on such accusations: Provided, that parties going to trial under such accusations shall in writing waive indictment by a grand jury. Judges of the superior court may open their courts at any time without the presence of either grand jury or traverse jury to receive and act upon pleas of guilty in misdemeanor cases, and *in felony cases except those punishable by death or life imprisonment,* when the judge and the accused consent thereto.' '" (Emphasis supplied.)

Senate Bill 376 also provides that indictments are not required by grand juries in misdemeanor cases and that the district attorney shall have the authority, with or without the consent of the defendant, to prefer accusations. The last section of House Bill 267 says

exactly the same thing regarding the procedure involving misdemeanors with only slight variation in wording.

"Repeals of statutes by implication are not favored, and nothing short of irreconcilable conflict between two statutes will work such repeal. *Walker v. City of Rome,* 16 Ga. App. 817 (86 SE 658); *Moore v. State,* 150 Ga. 679 (104 SE 907); *Britton v. Bowden,* 188 Ga. 806 (55 SE2d 47). Such conflict results where it appears that the last legislative Act was intended to cover the whole subject matter of the particular legal field, and it appears that certain parts of the former law were intentionally omitted in the revision. *Hardy v. State,* 25 Ga. App. 287 (103 SE 267); *Thompson v. Georgia Power Co.,* 73 Ga. App. 587 (37 SE2d 622) . . ." *Adams v. Ricks,* 91 Ga. App. 494, 498 (86 SE2d 329).

It is clear that "when a revising statute covers the whole subject matter of antecedent statutes, it virtually repeals the former enactments, without any express provision to that effect." *Hardy v. State,* 25 Ga. App. 287, supra. In the case of *Erwin v. Moore,* 15 Ga. 361 (1) (1854), this court stated that: "The intention of the Legislature is the cardinal guide to a construction of statutes; and when plainly collected, should be carried into effect, though contrary to the literal sense of terms." "There are two instances in which a statute will be deemed to have repealed a prior statute by implication. One is when the provisions of the later are inconsistent with or repugnant to the provisions of the former Act. The other is when the later Act deals with and embraces the whole subject matter of the legislation of the former Act." *Collier v. Mitchell,* 207 Ga. 528, 530 (63 SE2d 338) (1951). See also *Leonard v. State of Ga.,* 204 Ga. 465 (2) (50 SE2d 212) (1948).

Each of these 1972 Acts deals with waiver of indictment by the grand jury for capital felonies and for misdemeanors. Each Act eliminated the necessity of obtaining waiver of indictment for certain misdemeanor cases. A comparison of the provisions of the two Acts, with respect to waiver of grand jury indictment in capital felony cases, shows these provisions are plainly inconsistent and repugnant. Each Act embraces the whole subject matter of Code Ann. § 27-704. Thus, we are

compelled to conclude that these two Acts are incapable of co-existence in legal contemplation.

In the case of *Adcock v. State,* 60 Ga. App. 207 (3 SE2d 597) (1939), relied on by the appellee, the court was faced with two Acts passed by the same session of the legislature dealing with the licensing of various recreational businesses and activities. However, there were significant differences in the description of the various businesses subject to the two Acts in addition to the major disputed discrepancy between them, which was a different population criterion used in each Act. The court restated the principle of law that, for there to be a repeal by implication, the second Act clearly would have to cover the whole subject matter of the antecedent Act, and held that the second Act there involved did not repeal the first by referring to businesses listed in the second Act which were not covered by the first Act.

In the present case, we cannot say the House Bill rather than the Senate Bill, or vice versa, represents the true intent of the legislature. This would be pure speculation, and since these Acts cannot both occupy the same space in the law, we must apply accepted rules of construction to determine which of the two Acts shall be considered as law. This situation is not without precedent as it has confronted this court in earlier cases. In *County of Butts v. Strahan,* 151 Ga. 417 (1) (107 SE 163) (1921), the motor vehicle Act and the state highway law were "passed" by the General Assembly on the same date. The motor vehicle Act was approved by the Governor on August 16, 1919. The state highway law was approved by the Governor on August 18, 1919. This court stated that if there is an irreconcilable repugnancy between the two Acts, the last approved by the Governor must control.

In a more recent case, *Gunn v. Balkcom,* 228 Ga. 802 (188 SE2d 500) (1972), an amendment to the 1933 Code had been enacted, inserting in lieu thereof the new Criminal Code (Ga. L. 1968, pp. 1249-1351). However, at the same session of the General Assembly, an Act was passed redefining the crime of foeticide in the identical language of the former law under the 1933 Code (Ga. L. 1968, pp. 1432-1436). This court held that the General Assembly must be presumed to have known that Title 26

of the 1933 Code would be superseded by the new Criminal Code, which was approved by the Governor on April 10, 1968. The other Act redefining the crime of foeticide in the language of the 1933 Code was not approved by the Governor, but it became effective as a statute by operation of law on April 12, 1968 (Code Ann. § 2-3015). This court held that the Act which became effective by law on April 12, 1968 must be considered as being a later expression of the legislative intent than the new Criminal Code approved April 10, 1968.

Applying these principles to the present case, it is evident that Ga. L. 1972, pp. 623, 624 (S. B. 376), which was approved by the Governor on March 30, 1972, must be considered as a later expression of the legislative intent than Ga. L. 1972, pp. 386-387 (H. B. 267) which was approved by the Governor three days earlier on March 27, 1972. Therefore, the law relating to waiver of indictment by grand jury (Code Ann. § 27-704) continues to forbid any waiver of indictment in capital felony cases as this is the last expression of the General Assembly of Georgia on this subject.

The judgment of the trial court must be reversed and remanded for such further proceedings as may be necessary to dispose of the case in that court.

*Judgment reversed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

ARGUED MARCH 12, 1974 — DECIDED MAY 21, 1974.

*James C. Bonner, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, William F. Bartee, Jr., B. Dean Grindle, Jr., Assistant Attorneys General,* for appellee.

APPENDICES

House Bill 267 (Ga. L. 1972, p. 386)

1971 Session: House

8 February 1971 at Journal of the House [hereinafter "H.J."] (Reg. Sess. 1971), p. 389: introduced.

8 February 1971 at H.J. 413, reported out of Committee on Special Judiciary with a "do pass" recommendation.

9 February 1971 at H.J. 454: second reading.

6 March 1971 at H.J. 2310: bill passes House.

1971 Session: Senate

—6 March 1971 at Senate Journal [hereinafter "S.J."] (Reg. Sess. 1971), p. 1250: Senate receives bill.

—6 March 1971 at S.J. 1273: referred to Committee on Special Judiciary.

1972 Session:

—1 March 1972 at S.J. 1359: Committee on Special Judiciary recommends bill pass as amended.

—1 March 1972 at S.J. 1360: second reading.

—8 March 1972 at S.J. 2186: bill passes Senate as amended.

8 March 1972 at H.J. 3782: House receives report that the Senate has passed amended bill.

9 March 1972 at H.J. 4180, House agrees to Senate amendments.

*27 March 1972, Governor approves.*

Senate Bill 376 (Ga.L. 1972, p. 623)

1972 Session: House

1972 Session: Senate
—14 January 1972 at S.J. 141: introduced.
—14 January 1972 at S.J. 141: referred to Judiciary Committee.
—21 January 1972 at S.J. 255: Judiciary Committee recommends bill pass.
—24 January 1972 at S.J. 272: second reading.
—25 January 1972 at S.J. 298: bill passes Senate.

26 January 1972: House receives bill from Senate at H.J. 735.

26 January 1972 at H.J. 737, referred to Judiciary Committee.

27 January 1972 at H.J. 779: second reading.

28 January 1972 at H.J. 857: Committee recommends bill pass.

6 March 1972 at H.J. 3299: bill passes House.

—7 March 1972 at S.J. 1806: reported to Senate that House passed bill.
—9 March 1972 at S.J. 2582: bill reported ready for transmission to the Governor.

*30 March 1972, Governor approves.*