## 29512. KEENER v. MacDOUGALL.

HILL, Justice.

Appellant Keener, after waiving indictment, pled guilty in July, 1972, to several felony charges, including two for armed robbery (capital felonies). He received a life and a ten year sentence on the armed robbery charges, and ten and two year sentences on the other charges.

May, 1973, he filed a petition for a writ of mandamus in Fulton Superior Court to compel the then Director of the Department of Corrections (now Commissioner of the Department of Offender Rehabilitation) to compute his good-time allowances, his prospective release date, and his parole eligibility date, without regard to the armed robbery sentences (including the life sentence) which he contends are void because not resting upon grand jury indictments.

The director moved to dismiss the petition for mandamus on the ground that the prisoner had a specific remedy by habeas corpus. On November 19, 1973, the trial court overruled this motion on the ground that the prisoner was also being confined under other valid sentences and under the law as it then existed (see *Wiggins v. Smith,* 228 Ga. 164 (184 SE2d 469)), he had no recourse to habeas corpus.

In that same order, the trial court sustained the director's motion for summary judgment and denied the writ, holding that Ga. L. 1972, p. 386 (authorizing capital prosecutions based on accusations) and Ga. L. 1972, p. 623 (restoring the old law that capital prosecutions must be based on indictments), existed harmoniously. The trial court did not reach the director's second ground of the motion for summary judgment, that Ga. L. 1972, p. 623, is unconstitutional as having a variance between its caption and its body.

On the prisoner's appeal, *Keener v. MacDougall,* 232 Ga. 273 (206 SE2d 519), decided May 21, 1974, this court held that the two acts were in conflict, that Ga. L. 1972, p. 623, controls, and that it forbids waiver of indictment by grand jury in capital felony cases. This court remanded to the trial court". . . for such further proceedings as may be necessary to dispose of the case in that court." *Keener,*

supra, p. 278.

Order on the remittitur was entered by the trial court on August 27, 1974, and the case was set for hearing on September 27 on the question of the constitutional validity of Ga. L. 1972, p. 623.

However, on September 4, 1974, this court decided *Parris v. State,* 232 Ga. 687 (208 SE2d 493), which was interpreted by the state to make habeas corpus available to appellant. The state thereupon renewed its previously overruled and unappealed motion to dismiss based on the ground that habeas corpus was available. The trial court agreed and by order dated October 1, 1974, dismissed the petition for mandamus, thereby not reaching the constitutional issue.

This appeal followed, the order dismissing the petition being assigned as error.

Appellant contends that in reversing its prior order, the trial court abused its discretion under Code Ann. § 81A-160 (h).

In its October 1, 1974, order, the trial court apparently recognized that its prior overruling of the director's motion to dismiss should not be set aside without just cause and observed as follows:

"The court is not unmindful of the fact that Petitioner Keener initially sought relief in this court in May of 1973. However, it has also been brought to the attention of the court that if petitioner's life sentences for armed robbery were vacated, on the basis of a remaining ten year sentence for burglary, petitioner would not be eligible for parole consideration until 1976; discharge on the basis of the ten year sentence with the accretion of statutory good-time would occur even subsequent to that date.

"As Petitioner Keener presently has an available remedy to contest the validity of his armed robbery convictions, the court concludes that it would be inappropriate to further consider the petition for mandamus."

Appellant urges that in not adhering to its earlier order that mandamus was his proper remedy, the trial court abused its discretion in that (1) half of the substantive issues as to Ga. L. 1972, p. 623, had already been litigated and appealed, (2) the remaining issue as to

the constitutional validity of Ga. L. 1972, p. 623, had already been briefed and set for hearing, (3) the petition for mandamus was proper when filed and had been pending almost 18 months, and (4) requiring the refiling of the case as a habeas corpus in Tattnall Superior Court would fragment the case and entail further delay.

Of course, when the trial court dismissed, 1976 was a long way off. In view of this appeal, which appellant had the right to pursue, it is not so far off. To refile in Tattnall Superior Court now, to be met by the constitutional challenge already poised, to be appealed perhaps again to this court, is to be into 1976.

The state has taken the position that Ga. L. 1972, p. 623, is invalid. That question has not been decided and we intimate no view whatsoever on that issue. However, if that Act is invalid, then Ga. L. 1972, p. 386, may be revived. It is of interest to all concerned, the appellant, the appellee, this court and others, to have this issue resolved as rapidly as possible. If the earlier decision in *Keener v. MacDougall,* 232 Ga. 273 supra, is to be set aside because of the constitutional question, a matter of public concern is involved.

Without deciding whether the court below abused its discretion, we base our decision on another ground. Code § 6-1804 provides in pertinent part that "The decision of the appellate court, and any direction awarded in the case, shall be certified by the clerk to the court below, under the seal of the court, and shall be respected, and in good faith carried into full effect, by the court below."

As was said in the earlier *Keener v. MacDougall,* supra, the judgment of the trial court must be reversed and remanded for such further proceedings as may be necessary to dispose of the case in that court.

*Judgment reversed with direction. All the Justices concur.*

SUBMITTED JANUARY 17, 1975 — DECIDED FEBRUARY 18, 1975 — REHEARING DENIED MARCH 4, 1975.

*James C. Bonner, Jr.,* for appellant.
*Arthur K. Bolton, Attorney General, B. Dean Grindle,*

*Jr., Assistant Attorney General,* for appellee.