## 30131. KEENER v. MacDOUGALL.

GUNTER, Justice.

This is the third appearance of this case in this court. See *Keener v. MacDougall*, 232 Ga. 273 (206 SE2d 519) (1974), and 233 Ga. 881 (213 SE2d 835) (1975).

The sole issue in this appeal relates to the constitutionality of Act No. 1196 (Senate Bill No. 376), Ga. Laws 1972, p. 623, 624. The trial judge held the Act unconstitutional "for the reason that there is a variance between its caption and its body." The appellant contends here that the Act is not unconstitutional.

The caption of the Act reads: "An Act to amend Code section 27-704, relating to the waiver of indictments and the trial of defendants upon accusations, as amended, so as to provide for accusations in certain misdemeanor cases; to provide that indictment by a grand jury shall not be required in certain cases; to provide for all matters relative thereto; to repeal conflicting laws; and for other purposes."

Section One of the Act then provides for the striking of Code § 27-704 in its entirety and the substituting of a new Code § 27-704.

The new, substituted Code section in pertinent part reads: "In all felony cases, other than capital felonies, in

which the defendants have been bound over to the superior court, or are confined in jail pending commitment trial, or are in jail, having waived commitment trial, the prosecuting officers of such court shall have authority to prefer accusations, and such parties shall be tried on such accusations: Provided, that parties going to trial under such accusations shall in writing waive indictment by a grand jury."

We hold that there is no fatal variance in the constitutional sense between the caption of this Act and the body of the Act following the enacting clause. The caption contained the words "to provide that indictment by a grand jury shall not be required in certain cases." The body of the Act provided that indictment by a grand jury could be waived in all felony cases other than capital felonies. The fact that the caption did not contain the word "felony" does not effect a fatal variance between the caption and the body of the Act.

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 10, 1974 — DECIDED SEPTEMBER 11, 1975 — REHEARING DENIED SEPTEMBER 30, 1975.

*James C. Bonner, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.