## 31555. KEENER v. THE STATE.

UNDERCOFLER, Presiding Justice.

This appeal is from the denial of appellant's double jeopardy pleas to two armed robbery indictments.

The circumstances of the case are as follows. On July 13, 1972, appellant waived indictment, entered guilty pleas to five accusations arising out of one criminal transaction, and received sentences thereon, namely: (1) No. 9214, armed robbery of Harrell Wood by use of a sawed-off shotgun. Life sentence. (2) No. 9215, armed robbery of Mrs. Harrell Wood by use of a sawed-off shotgun. 10-year sentence. (3) No. 9216, burglary of Harrell Wood's house. 10 year sentence. (4) No. 9217, possession of a sawed-off shotgun during an armed robbery. 2-year sentence. (5) No. 9218, possession of a sawed-off shotgun. 2-year sentence.

The guilty pleas to accusations No. 9214 and No. 9215 for armed robberies were, upon appellant's mandamus action, held invalid because indictment may not be waived in capital felony cases. *Keener v. MacDougall,* 232 Ga. 273 (206 SE2d 519) (1974). See also *Keener v. MacDougall,* 233 Ga. 881 (213 SE2d 835) (1975); *Keener v. MacDougall,* 235 Ga. 288 (219 SE2d 377) (1975). On November 5, 1975, the trial court entered a consent order setting aside the guilty pleas and sentences on accusations No. 9214 and No. 9215 for lack of jurisdiction because of the absence of indictments. On February 3, 1976, appellant was indicted for the two armed robberies for which his previous guilty pleas to accusations had been vacated. Appellant then filed the double jeopardy pleas under review here. He contends he stands convicted and punished under accusation No. 9217 for possession of a sawed-off shotgun during the armed robberies; that this crime is legally and factually the same offense as the armed robberies; and that the Federal and State Constitutions as well as the Georgia statutes bar his further prosecution under the armed robbery indictments.

The rule against double jeopardy is a fundamental principle which was probably known in a primitive form in early Greek and Roman civilizations. In modern

criminal jurisprudence in the United States it is expressed in various terms but basically provides that no person shall be put in jeopardy of life or liberty more than once for the same offense. It is a simple and concise statement of law. Unfortunately it has become confused because many courts have not distinguished its application to the bar of successive prosecutions and the bar to multiple convictions. The bar to successive prosecutions is referred to as the procedural aspect of the double jeopardy rule. The rationale behind the bar to successive prosecutions is to prevent harassment of the accused. The bar to multiple convictions is referred to as the substantive aspect. The rationale behind the bar to multiple convictions is to prevent multiple and excessive punishments.

The bar to multiple convictions usually arises where several crimes arising out of one criminal transaction are tried at the same time. In such cases the rule does not operate until after the verdicts. Under Georgia law it bars the conviction and therefore the punishment of all crimes which are as a matter of law or a matter of fact included in a major crime for which the defendant has been convicted. *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974). However, the bar to multiple convictions may have a procedural aspect where the crimes arising out of the same criminal transaction are tried separately. Where crimes are tried separately it is generally held that if multiple convictions arising out of a single prosecution are barred they will likewise be barred from successive prosecution. Therefore when crimes are to be prosecuted separately the more serious known crimes should be prosecuted first to avoid the conviction of a lesser crime barring a subsequent prosecution for a more serious crime.[1]

But, where there is a conviction of two crimes in a

---

[1] This will not occur very often in Georgia since all known crimes within the jurisdiction arising from the same criminal transaction must be brought in a single prosecution unless the court directs otherwise in the interest of justice. Code Ann. § 26-506.

single prosecution one of which is included in the other and the defendant obtains a reversal of the major crime for lack of jurisdiction the remaining conviction of the lesser crime does not bar a retrial on the major crime. That is the case under review here and the appellant may be retried on the present indictments. Friedland, Double Jeopardy, 1969, Ch. 8, p. 195. In the event appellant is convicted under the armed robbery indictments here an invalidation of his conviction of the lesser included offenses of possession of a shotgun during the armed robberies would be authorized in appropriate proceedings.

Gavieres v. United States, 220 U. S. 338 (31 SC 421, 55 LE 489) (1910) and Blockburger v. United States, 284 U. S. 299 (52 SC 180, 76 LE 306) (1932), argued by the appellant in support of his position are inapposite. A careful reading of those cases will show that the present Georgia statutory provisions afford more protection to the accused than the rules applied in those cases. Benton v. Maryland, 395 U. S. 784 (89 SC 2056, 23 LE2d 707) (1969) also relied upon by appellant has no application here. It was a simple double jeopardy bar against a successive prosecution. There the defendant had been acquitted of larceny and the state tried and convicted him of the same larceny on a subsequent indictment. This is quite different than the reversal of a conviction as in the instant case.

As stated in Green v. United States, 355 U. S. 184, 189 (78 SC 221, 2 LE2d 199) (1957): "But whatever the rationalization, this Court has also held that a defendant can be tried a second time for an offense when his prior conviction for that same offense had been set aside on appeal." The same rule applies in Georgia unless the accused was adjudged not guilty or there was a finding that the evidence did not support the verdict. Code Ann. § 26-507 (d).

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

ARGUED OCTOBER 12, 1976 — DECIDED NOVEMBER 3, 1976 — REHEARING DENIED NOVEMBER 24, 1976.

*James C. Bonner, Jr.,* for appellant.

*Vickers Neugent, District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.