## A07A2298. CHRISTIAN v. THE STATE.
### (654 SE2d 452)

BLACKBURN, Presiding Judge.

Following a jury trial, Gretchen Christian appeals her conviction on three counts of theft by taking, all of which arose out of her taking for personal use money and property from an estate she was administering on behalf of certain beneficiaries. She challenges the sufficiency of the evidence and the form of the indictment, and also claims the court failed to sufficiently charge the jury. Discerning no error, we affirm.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State.*[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[2] We focus here only on the theft by taking convictions that Christian challenges on appeal as lacking evidence (Counts 1 and 3).

Construed in favor of the verdict, the evidence shows that upon the death of Christian's godmother in December 2002, the probate court appointed Christian as executrix of the godmother's will. Beyond certain bequests, the bulk of the estate was to be distributed in four equal portions among the decedent's three granddaughters and Christian. Over the next two years, Christian gathered $400,091.03 in deposits for the two estate accounts she had established. She disbursed $190,856.26 in estate expenses and bequests, which should have left $209,234.77 in the two accounts as the estate's residue. However, both accounts were inexplicably empty. Moreover, Christian had taken the decedent's furniture and other personal property that was at the decedent's Chatham County residence and moved the

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

items to Atlanta and her own residence, where she sold same for cash, which was not deposited into any of the estate accounts.

During this time, the three granddaughters, who were to share in the estate's residue with Christian, repeatedly tried to contact Christian to have her account for the status of the estate, but Christian did not answer the phone, did not respond to their phone messages, and ignored their letters. None of these granddaughters received any distribution of the estate's residue. Even the estate's lawyer had extreme difficulty in getting Christian to respond to his requests for the estate's records. When he finally did receive those records, he immediately discerned that the estate's money and personal property had disappeared, whereupon he approached the probate court to order an accounting. The probate court ordered an accounting, and Christian's written response could not explain the missing funds and property.

The State indicted Christian on three counts of theft by taking. Count 1 alleged that she, in breach of her fiduciary duty, took cash from the estate (with intent to deprive the estate of the money) between December 10, 2002 and March 22, 2004. Count 2 alleged the same type of theft, with the only difference being the timing of the theft (between March 23, 2004 and July 20, 2004), which was after Christian received over $100,000 in funds from the sale of decedent's residence. Count 3 alleged that she appropriated the furniture and other personal property of the estate on or about March 23, 2003. Following a jury trial, she was convicted on all three counts. The court denied her subsequent motion for new trial, giving rise to this appeal.

Christian first challenges the sufficiency of the evidence on Count 1 (theft of estate funds between December 10, 2002 and March 22, 2004). OCGA § 16-8-2 defines theft by taking as when a person "unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." The punishment for this offense is enhanced where "the property was taken by a fiduciary in breach of a fiduciary obligation." OCGA § 16-8-12 (a) (3).

The evidence on Count 1 showed that from December 10, 2002 to March 22, 2004, Christian made 29 unexplained counter withdrawals of cash from one estate account (amounting to $67,097.50) plus 53 unexplained ATM withdrawals of cash from the same account (amounting to $26,728.75).[3] During this same time period, Christian made 34

---

[3] Evidence showed that having an ATM card for an estate account was unusual.

unexplained ATM withdrawals from the other estate account (amounting to $16,914.35). Thus, in summary, during this time period Christian removed over $100,000 in cash from the estate for which she could not account. Also during this time period, over $75,000 in cash was deposited into Christian's personal bank accounts and spent (even though her employment records reflected an income of less than $22,000), and she engaged in numerous extravagant personal expenditures. This evidence more than sufficed to sustain a conviction on Count 1. See *Leary v. State*.[4]

Not challenging the evidence on Count 2, Christian then challenges the sufficiency of the evidence on Count 3 (stealing furniture and other personal property from the estate on or about March 23, 2003). The evidence on this count showed that in March 2003, Christian removed the furniture and other personal property located at the decedent's residence in Chatham County and had it moved to her own residence or to a storage facility, from which she then sold the items for cash without depositing the money into an estate account. Venue for this crime was established by showing that Christian removed the property from a residence in Chatham County. See OCGA § 16-8-11 (theft by taking occurs in "any county in which the accused exercised control over the property which was the subject of the theft"); *Naylor v. State*.[5] Such sufficed to sustain a conviction on this count.

2. In two enumerations of error, Christian contends that the form of the indictment was insufficient in that it (i) gave too broad of a date range for the thefts of estate money, (ii) failed to specify the amount of money taken, and (iii) was multiplicitous. We hold that these enumerations were waived.

If a defendant wants greater specificity with regard to the time or circumstances of the alleged crime, or feels that the indictment is defective as multiplicitous, her appropriate remedy is a pre-trial special demurrer that challenges the form of the indictment. *Smith v. State*.[6] See *Croft v. State*[7] ("[a] contention that a count of the indictment lacks sufficient specificity . . . is an attack on the form of the indictment, which must be addressed by filing a special demurrer to the indictment"); *Martin v. State*[8] (pre-trial motion to quash indictment because of multiplicity). A special demurrer challenging the form of the indictment "must be filed before pleading not guilty to the

---

[4] *Leary v. State*, 256 Ga. App. 639, 640-641 (1) (569 SE2d 593) (2002).

[5] *Naylor v. State*, 257 Ga. App. 899, 900 (572 SE2d 410) (2002).

[6] *Smith v. State*, 282 Ga. App. 339, 341 (1) (638 SE2d 791) (2006).

[7] *Croft v. State*, 278 Ga. App. 107, 109 (3) (628 SE2d 144) (2006).

[8] *Martin v. State*, 189 Ga. App. 483, 496 (10) (376 SE2d 888) (1988) (physical precedent only).

indictment; otherwise, the matter is waived. Raising the issue for the first time on appeal as [Christian] has done here is too late." (Citation and punctuation omitted.) *Smith*, supra, 282 Ga. App. at 342 (1). Moreover, regarding the claim of multiplicity, we note that the counts concern substantially separate and distinct periods of time, with Count 2 focusing on the theft of the money received by Christian from the sale of the decedent's residence, which sale took place on March 22, 2004. We discern no error.

3. Christian's final enumeration of error is that the court erred in failing to instruct the jury regarding the elements of theft by taking. Here the court instructed the jury that theft by taking occurs when a person, while acting as a fiduciary and in breach of that fiduciary obligation, unlawfully takes any property of another with the intention of depriving the other person of the property "regardless of the manner in which the property is taken or appropriated." This is a correct statement of the law. See OCGA §§ 16-8-2; 16-8-12 (a) (3).

> [T]he phrase "regardless of the manner in which the property is taken or appropriated" is a catch-all phrase rendering our theft by taking statute broad enough to encompass theft by conversion, theft by deception or any other of the myriad and even yet-to-be-concocted schemes for depriving people of their property.

*Smith v. State*.[9] In the context of the entire charge to the jury, in which the court went on to define the referenced elements, the instruction here adequately conveyed the findings necessary for the jury to conclude Christian was guilty of theft by taking by a fiduciary on the three specified counts. See *Johnson v. State*[10] (consider whole jury charge). We discern no error.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED NOVEMBER 21, 2007.

*Barbara N. Lanier*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.

---

[9] *Smith v. State*, 265 Ga. App. 57, 59 (1) (592 SE2d 871) (2004).
[10] *Johnson v. State*, 277 Ga. App. 499, 509 (5) (627 SE2d 116) (2006).