**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 17, 2015**

# In the Court of Appeals of Georgia

A14A1974. THE STATE v. THOMAS.                    DO-072 C

DOYLE, Presiding Judge.

Shannon D. Thomas was indicted for one count of felony theft by taking.[1] Thomas filed a Demurrer/Motion to Quash the indictment on the ground that it was defective. The trial court granted the motion, and the State now appeals. For the reasons that follow, we affirm.

The record shows that Thomas was indicted for felony theft by taking in violation of OCGA § 16-8-2 in a count alleging that "between [November 17, 2012,] and [December 15, 2012, Thomas] did unlawfully take United States funds, the

---

[1] OCGA § 16-8-2 ("A person commits the offense of theft by taking when [s]he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated.").

property of Robert Lee, with a value greater than $5,000.00, with intent to deprive said owner of said property . . . ." Thomas filed a demurrer/motion to quash the indictment, arguing that the single count failed to provide sufficient notice regarding the manner of commission or identify the date of the crime with sufficient particularity. She contended that pursuant to *State v. Layman*,[2] the State was required to narrow the date of the alleged occurrence of the crime if it reasonably could do so.

At the hearing on the motion to quash, the State alleged that prior to the time frame alleged in the indictment, Thomas worked as a caretaker through a nursing business for Lee and his wife. After Ms. Lee passed away, Thomas's employment with Lee ceased, and thereafter, a new employee of Lee's discovered that someone had been using during the alleged time frame a credit card issued to Lee, which card he had never used and which he had not authorized any other individual to use. This discovery was made after the employee found a $2,500 deduction from Lee's bank account was made to cover the charges on the credit card. While investigating the purchases made with the credit card, surveillance video identified Thomas and her estranged husband as individuals who were making purchases with the credit card. Lee had not authorized Thomas to do so.

---

[2] 279 Ga. 340, 340-341 (613 SE2d 639) (2005).

Thomas argued, however, that the State failed to allege sufficiently the manner in which the theft occurred, that the State failed to inform Thomas of all the charges against which she would need to defend at trial and would not protect her from future prosecutions. Thomas explained that instead of alleging the specific instances of theft from use of the credit card, the State instead alleged one instance of theft of $2,500.

In an oral ruling, the trial court granted the motion to quash after a hearing, and the State filed a motion for reconsideration of that ruling, which was denied by the trial court in a written order finding that because the thefts were made using a financial card, it would be relatively simple for the State to allege with specific dates the various instances of theft.

"Because we are reviewing the indictment on interlocutory appeal, before any trial, we must apply the rule that a defendant who has timely filed a special demurrer is entitled to an indictment perfect in form and substance."[3]

The State contends that the trial court erred by granting the special demurrer because it was sufficient to allege the date range of all the financial card transactions, and specific dates were not necessary. We disagree.

---

[3] *Blackmon v. State*, 272 Ga. App. 854, 855 (614 SE2d 118) (2005).

First, the indictment fails to mention the manner of commission of the alleged thefts, that is, whether the thefts were separate instances of use of the credit card or whether the theft was the $2,500 taken from Lee's account to cover that balance.[4] Conceivably, Thomas could later be charged with some other violation for the individual unauthorized uses of the card separately from the theft of the $2,500, or perhaps Thomas was not the individual using the card in all those instances.[5] Moreover, the State could easily ascertain the dates the alleged crimes occurred, and could have stated the manner in which the theft occurred and it was, therefore, appropriate for the trial court to grant the motion to quash.[6]

---

[4] See *State v. Bair*, 303 Ga. App. 183, 183-184 (692 SE2d 806) (2010).

[5] See id. at 187.

[6] See *Blackmon*, 272 Ga. App. at 854-855 ("Generally, an indictment which fails to allege a specific date on which the crime was committed is not perfect in form and is subject to a timely special demurrer. This Court has recognized an exception to this rule where the evidence does not permit the state to identify a single date on which the offense occurred. However, this exception is not applicable in this case because the state never presented any evidence before the trial court showing that it cannot more specifically identify the dates of the offenses.") (footnotes omitted).

The State cites to *Stack-Thorpe v. State*,[7] *Christian v. State*,[8] and *Patterson v. State*,[9] for the proposition that the State may allege many small instances of theft over time in one count as a felony rather than a misdemeanor; those cases, however, are inapposite because they were post-conviction appeals addressing sufficiency of the evidence in which the indictment was not alleged to be infirm or in which this Court declined to review the alleged imperfect indictment after conviction.[10]

Accordingly, the State's enumeration of error is without merit. Based on our conclusion as to this issue, it is unnecessary for us to reach the issue raised in the State's second enumeration of error.

*Judgment affirmed. Miller and Dillard, JJ., concur.*

---

[7] 270 Ga. App. 796, 798-799 (1) (608 SE2d 289) (2004) (addressing sufficiency of the evidence and holding that a series of thefts may be charged in one cumulative felony count).

[8] 288 Ga. App. 546, 548-549 (2) (654 SE2d 452) (2007).

[9] 289 Ga. App. 663, 798-791 (1) (658 SE2d 210) (2008) (addressing sufficiency of the evidence to prove theft charges), abrogated on other grounds by *Stephens v. State*, 289 Ga. 758, 759 n. 2 (716 SE2d 154) (2011).

[10] *Patterson*, 289 Ga. App. at 798-791 (1); *Christian*, 288 Ga. App. at 548-549 (2) ("[i]f a defendant wants greater specificity with regard to the time or circumstances of the alleged crime, or feels that the indictment is defective as multiplicitous, her appropriate remedy is a pre-trial special demurrer that challenges the form of the indictment."); *Stack-Thorpe*, 270 Ga. App. at 789-799 (1).