**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

September 8, 2025

# In the Court of Appeals of Georgia

A25A0914. BATES v. THE STATE.

BROWN, Chief Judge.

Joshua Bates was charged by indictment with enticing a child for indecent purposes and two counts of child molestation in the Superior Court of Bartow County. Bates filed a plea in bar, arguing that the prior dismissal of warrants charging him with offenses based on the same course of conduct precluded this prosecution. The superior court disagreed, and Bates now appeals. For the reasons explained below, we affirm.

> On appeal from the grant or denial of a double jeopardy plea in bar, [we] review[ ] the trial court's oral and written rulings as a whole to determine whether the trial court's findings support its conclusion. When the facts are undisputed, [our] review of the trial court's

application of the law to those facts is de novo. The trial court's factual findings are assessed under the standard of clear error.

(Citations and punctuation omitted.) *Abercrombie v. State*, 369 Ga. App. 46, 47-48 (892 SE2d 171) (2023).

The record shows that in 2022, the complainant reported to police that Bates had raped him multiple times during 2013 to 2014, when the victim was 5 to 7 years old. He made the same allegations in a forensic interview and also alleged that Bates at a later time had approached him in a park and tried to rape him again when the complainant was 9 to 10 years old. Bates was then arrested for aggravated sodomy, and in October 2022, the investigator took out arrest warrants for three counts of aggravated sodomy and one count each of false imprisonment and enticing a child for indecent purposes based on incidents alleged to have occurred between January 2013 and December 2015.

In June 2023, the matter was transferred to Bartow County Juvenile Court by consent order. A second forensic interview was conducted during which the complainant discussed the later incident, which was alleged to have occurred in December 2017. The matter was then dismissed on June 20, 2023. On the same day

as the dismissal, an indictment was returned in superior court, charging Bates with enticing a child for indecent purposes and two counts of child molestation based on the later incident occurring in December 2017. Bates filed a plea in bar, arguing that this prosecution violated double jeopardy, specifically OCGA §§ 16-1-7 and 16-1-8. The trial court denied the motion and Bates appeals.

"The doctrine of double jeopardy has two components: the 'procedural' bar on double jeopardy, which places limitations on multiple prosecutions for crimes arising from the same conduct, and the 'substantive' bar, which protects against multiple convictions or punishments for such crimes." (Citation and punctuation omitted.) *Williams v. State*, 307 Ga. 778, 779 (1) (838 SE2d 235) (2020). Under the procedural double jeopardy provisions of

> OCGA § 16-1-7 (b), if several crimes (1) arising from the same conduct are (2) known to the proper prosecuting officer at the time of commencing the prosecution and are (3) within the jurisdiction of a single court, they must be prosecuted in a single prosecution. A second prosecution is barred under OCGA § 16-1-8 (b) (1) if it is for crimes which should have been brought in the first prosecution under OCGA § 16-1-7 (b). In order for this procedural aspect of double jeopardy to prohibit a prosecution, all three prongs must be satisfied.

3

(Citation and punctuation omitted.) *Mathis v. State*, 367 Ga. App. 588, 592-593 (2) (b) (887 SE2d 664) (2023).

> Offenses occur as a result of the same conduct and therefore constitute procedural double jeopardy, if the crimes arise from the same transaction or continuing course of conduct, occur at the same scene, occur on the same date, and occur without a break in the action; additionally, if it is necessary to present evidence of the one crime in order to prove the other, then the State must prosecute those charges at the same time.

(Citation and punctuation omitted.) *Daniels v. State*, 355 Ga. App. 134, 136 (843 SE2d 18) (2020). "The defendant bears the burden of proving procedural double jeopardy, and a court must make decisions based on the limited facts or representations that are currently available from the parties." (Citation and punctuation omitted.) *Mathis*, 367 Ga. App. at 593 (2) (b).

As an initial matter, the State contends that there have not been multiple prosecutions of Bates pursuant to the definition of "prosecution" under OCGA § 16-1-3 (14), such that the protections of OCGA §§ 16-1-6 through 16-1-8 are triggered. We agree.

In *State v. Adams*, 355 Ga. App. 875 (846 SE2d 148) (2020), this Court clarified that "nothing in the plain language of OCGA § 16-1-8 predicates the application of its

provisions on the attachment of jeopardy. Rather, . . . the bar is established if an accused was 'formerly prosecuted' and, as previously discussed, the prosecution resulted in 'either a conviction or an acquittal.' See OCGA § 16-1-8 (b) (1), (c)." Id. at 880. We then pointed to the statutory definition of "prosecution" in OCGA § 16-1-3 (14). Id. at 880-881. As used in Title 16, the term "'[p]rosecution' means all legal proceedings by which a person's liability for a crime is determined, commencing with the return of the indictment or the filing of the accusation, and including the final disposition of the case upon appeal." OCGA § 16-1-3 (14). Thus, "[p]rocedural protections against double jeopardy apply only to 'multiple prosecutions,' meaning multiple or successive indictments or criminal proceedings." *Williams*, 307 Ga. at 779 (1). As the State points out, no indictment, accusation, or juvenile court petition was filed or returned regarding the original charges. Rather, the *warrants* were transferred to the juvenile court and then dismissed. See *State v. Carlton*, 276 Ga. 693, 696 (583 SE2d 1) (2003) ("There is no question that in this State one cannot be tried upon an arrest warrant."). Accordingly, the procedural bar on double jeopardy does not apply, and the superior court properly denied Bates' plea in bar.

*Judgment affirmed. Barnes, P. J., and Mercier, J., concur.*