**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 15, 2017**

# In the Court of Appeals of Georgia

A17A1098. COATES v. STATE.

BARNES, Presiding Judge.

A jury found Hubert Coates guilty of one count of possession of less than an ounce of marijuana and four counts of possession of a firearm by a convicted felon. The trial court sentenced Coates separately on each count, with the sentences to run consecutively. Coates filed a motion for new trial and to amend his sentence, which the trial court denied. On appeal, Coates argues that the trial court should have merged his four firearm-convictions. We disagree and affirm.

Following a criminal conviction, we construe the evidence in the light most favorable to the verdict. *Anthony v. State*, 317 Ga. App. 807, 807 (732 SE2d 845) (2012). So viewed, the evidence showed that in May 2014, the police executed a search warrant on two neighboring addresses in Coffee County. Coates operated a make-shift store selling snack items and beverages at one of the addresses, and he lived at the other address next door with his wife. The police recovered less than an ounce of marijuana

during the search inside and outside the make-shift store. They recovered four firearms during the search of Coates' residence.

Coates was indicted on one count of possession of marijuana with intent to distribute and four counts of possession of a firearm by a convicted felon. A bifurcated trial ensued. During the first phase, Coates was tried on the marijuana distribution count and was convicted of the lesser included offense of possession of less than an ounce of marijuana. During the second phase, Coates was tried and convicted of the firearm-related counts. The trial court sentenced Coates to consecutive sentences on the five counts and denied Coates motions for new trial and to amend his sentence. This appeal followed.

Coates argues that the trial court should have merged his four convictions for possession of a firearm by a convicted felon under OCGA § 16-11-131 (b). According to Coates, the statute is ambiguous as to whether the possession of each firearm constitutes a separate unit of prosecution, and the statute therefore should be construed under the rule of lenity to mean that the simultaneous possession of multiple firearms constitutes only one offense. We are unpersuaded.

As our Supreme Court has explained,

The question of multiple punishments (as opposed to multiple prosecutions) for the same criminal conduct is addressed under the rubric of substantive double jeopardy. Whether multiple punishment is permissible requires examination of the legislative intent underlying the criminal statute. It is for the legislature to determine to what extent certain criminal conduct has demonstrated more serious criminal interest and damaged society and to what extent it should be punished. Typically, the question is whether the same conduct may be punished under different criminal statutes. In that situation, it is appropriate to apply the . . . "required evidence" test . . . .[1] However, a different question is presented here: whether a course of conduct can result in multiple violations of the same statute. . . . [That] question requires a determination of the "unit of prosecution," or the precise act or conduct that is being criminalized under the statute.

(Punctuation, footnotes, and emphasis omitted.) *State v. Marlow*, 277 Ga. 383, 383-384 (1) (589 SE2d 69) (2003). See *Bell v. United States*, 349 U. S. 81, 82-84 (75 SCt 620, 99 LE 905) (1955); *Smith v. State*, 290 Ga. 768, 772-773 (3) (723 SE2d 915) (2012).

To determine the unit of prosecution for a particular offense intended by the legislature, "the starting point must be the statute itself." *Marlow*, 277 Ga. at 384 (1). If the unit of prosecution for the offense is clear and unambiguous from the statutory text, "we attribute to the statute its plain meaning, and our search for statutory meaning

---

[1] See *Drinkard v. Walker*, 281 Ga. 211, 215-217 (636 SE2d 530) (2006).

3

is at an end." (Citation and punctuation omitted.) *Clinton v. State*, 340 Ga. App. 587, 589 (798 SE2d 101) (2017). In contrast, if the legislature's choice of the unit of prosecution is unclear from the statutory text, the ambiguous statute must be construed strictly against the State so as to impose the lesser punishment. *Marlow*, 277 Ga. at 386 (2) (b), n. 24.

Mindful of these principles, we turn to the statutory language criminalizing possession of a firearm by a convicted felon, which provides:

> Any person who is on probation as a felony first offender pursuant to Article 3 of Chapter 8 of Title 42 or who has been convicted of a felony by a court of this state or any other state; by a court of the United States including its territories, possessions, and dominions; or by a court of any foreign nation and who receives, possesses, or transports *any firearm* commits a felony and, upon conviction thereof, shall be imprisoned for not less than one nor more than five years; provided, however, that if the felony as to which the person is on probation or has been previously convicted is a forcible felony, then upon conviction of receiving, possessing, or transporting a firearm, such person shall be imprisoned for a period of five years.

(Emphasis supplied.) OCGA § 16-11-131 (b).[2] Applying this provision, we have upheld a defendant's convictions for three counts of possession of a firearm by a convicted felon based on evidence that the defendant constructively possessed three firearms in his home. See *Layne v. State*, 313 Ga. App. 608, 610, 612-613 (2) (722 SE2d 351) (2012). See also *Gibson v. State*, 319 Ga. App. 220, 220-221 (735 SE2d 290) (2012) (trial court erred in sentencing defendant on four counts of possession of a firearm by a convicted felon that pertained only to two firearms that he possessed on the same day; defendant should have been sentenced on two counts based on the two firearms).

Coates argues, however, that OCGA § 16-11-131 (b) is ambiguous as to whether it imposes a separate punishment for each individual firearm possessed, or whether it merely imposes one punishment for being armed regardless of the number of firearms, given the use of the phrase "any firearm," and he further argues that our precedent has not directly addressed this issue. The word "any" found in the statute gives rise to ambiguity, Coates maintains, because it can mean one or some, and can encompass both the singular and plural. Consequently, Coates argues, a person in possession of a single

---

[2] While OCGA § 16-11-131 has been amended since the offenses occurred in this case in May 2014, subsection (b) remains the same. See Ga. L. 2014, p. 426, § 4/HB 770; Ga. L. 2014, p. 444, § 2-5/HB 271; Ga. L. 2016, p. 443, § 6C-2/SB 367.

5

firearm is in possession of "any firearm," but a person in possession of more than one firearm also can be in possession of "any firearm," and the statute does not make clear which of these two possible meanings should apply. Given this alleged ambiguity, Coates contends that OCGA § 16-11-131 (b) should be strictly construed against the State so as to treat the simultaneous possession of more than one firearm as a single violation of the statute.

We do not agree. It is true that the word "any" can mean one or some and can designate singular or plural; hence, the phrase "any firearm," considered in isolation, could refer to a single firearm or multiple firearms. See American Heritage Dictionary of the English Language (5th ed. 2016) (defining "any" as "one or some; no matter which"); Collins English Dictionary – Complete and Unabridged (12th ed. 2014) (defining "any" as "one, some, or several, as specified, no matter how much or many, what kind or quality, etc[.]"). See also *United States v. Kinsley*, 518 F.2d 665, 668-669 (B) (1) (1975) (phrase "any firearm" is ambiguous because it can mean a single firearm or more than one firearm). But that does not end the matter in the present case because the phrase "any firearm" found in OCGA § 16-11-131 (b) must be read in the context of the words surrounding it to ascertain its specific meaning and determine whether there is any statutory ambiguity. We are "required to read a particular statute as a

6

whole, considering specific words and phrases not in isolation, but in relation to each other." *Gary v. State*, 338 Ga. App. 403, 405 (1) (790 SE2d 150) (2016). See *Warren v. State*, 294 Ga. 589, 590-591 (1) (755 SE2d 171) (2014) (noting that "the words in [a statute] should be understood in relation to each other, since words, like people, are judged by the company they keep") (citation and punctuation omitted). As we have emphasized, "the meaning of words or phrases in a statute may be ascertained from others with which they are associated and from which they cannot be separated without impairing or destroying the evident sense they were designed to convey in the connection used." (Citations and punctuation omitted.) *Burke v. State*, 208 Ga. App. 446, 446-447 (1) (430 SE2d 816) (1993).

Applying these rules of construction, we conclude that when the phrase "any firearm" found in OCGA § 16-11-131 (b) is read in conjunction with the words surrounding it, the phrase clearly was intended to refer to a single firearm rather than multiple firearms. As noted above, OCGA § 16-11-131 (b) states that a convicted felon who possesses "any firearm" can be convicted and imprisoned from one to five years; "*provided, however*, that if the felony as to which the person is on probation or has been previously convicted is a forcible felony, then upon conviction of . . . possessing[] . . . *a firearm*, such person shall be imprisoned for a period of five years." (Emphasis

7

supplied.) Use of the article "a" in the proviso of subsection (b) "expresses an unambiguous . . . intent to make each firearm a unit of prosecution." *United States v. Alverson*, 666 F.2d 341, 347 (III) (A) (9th Cir. 1982); *Sanders v. United States*, 441 F.2d 412, 415 (10th Cir. 1971). And because "all parts of a statute, including provisos, are to be construed together," *Cherokee Brick & Tile Co. v. Redwine*, 209 Ga. 691, 693 (1) (75 SE2d 550) (1953), the language of the proviso in subsection (b) clarifies that punishment imposed under that subsection is predicated on possession of a single firearm.

Further clarification is provided by OCGA § 16-11-131 (b.1), the other subsection of the statute that creates a felony firearm offense and thus sheds light on the proper unit of prosecution. Subsection (b.1) provides:

> Any person who is prohibited by this Code section from possessing a firearm because of conviction of a forcible felony or because of being on probation as a first offender for a forcible felony pursuant to this Code section and who attempts to purchase or obtain transfer of *a firearm* shall be guilty of a felony and shall be punished by imprisonment for not less than one nor more than five years.

(Emphasis supplied.) OCGA § 16-11-131 (b.1). Through its reference to "a firearm," subsection (b.1) confirms that the legislature intended to link conviction and punishment under the statute to a single firearm.

8

Accordingly, we conclude that the phrase "any firearm" found in OCGA § 16-11-131 (b), when read in conjunction with the statutory proviso and with subsection (b.1), is unambiguous and was intended by the legislature to refer to a single firearm rather than multiple firearms.[3] It follows that the unit of prosecution under OCGA § 16-11-131 (b) is possession of a single firearm, and Coates could be separately punished for his possession of each of the firearms seized from his house. The trial court therefore committed no error in declining to merge Coates' four firearm-related convictions for purposes of sentencing.

*Judgment affirmed. McMillian and Mercier, JJ., concur.*

---

[3] Coates emphasizes that several federal courts have held that the phrase "any firearm" is ambiguous with respect to the federal statute prohibiting possession of a firearm by a convicted felon. See, e.g., *United States v. Verrecchia*, 196 F.3d 294, 297-298 (II) (A) (1st Cir.1999); *United States v. Dunford*, 148 F.3d 385, 389-390 (II) (4th Cir.1998); *Kinsley*, 518 F.2d at 668-669 (B) (1). However, the language of the federal firearms statute is materially different from OCGA § 16-11-131 (b) because it does not contain a proviso that clarifies the meaning of the phrase "any firearm." See 18 USC § 922 (g) (1) ("It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year[,] . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.").