304 Ga. 329
FINAL COPY

S17G1949.  COATES v. THE STATE.

HUNSTEIN, Justice.

Appellant Hubert Coates was convicted of, inter alia, four counts of possession of a firearm by a convicted felon and was sentenced on each count.[1] Coates appealed; the Court of Appeals affirmed his convictions and sentences, concluding that OCGA § 16-11-131 (b) (2014)[2] permits a defendant to be separately convicted and sentenced for each of the multiple firearms in his possession.  See Coates v. State, 342 Ga. App. 148 (802 SE2d 65) (2017).  We granted certiorari in this case to consider the Court of Appeals' holding, and, for

---

[1] The facts as recounted by the Court of Appeals are as follows:
[I]n May 2014, the police executed a search warrant on two neighboring addresses in Coffee County. Coates operated a make-shift store selling snack items and beverages at one of the addresses, and he lived at the other address next door with his wife. The police recovered less than an ounce of marijuana during the search inside and outside the make-shift store. They recovered four firearms during the search of Coates' residence.
Coates v. State, 342 Ga. App. 148, 148 (802 SE2d 65) (2017).

[2] Because Coates' crimes occurred in 2014, the 2014 version of this statute applies, but the pertinent language has not been changed by later amendments.

the reasons discussed below, we reverse that judgment, vacate Coates'
convictions and sentences, and remand the case with direction.

Where, as here, we are presented with the question of whether a single
course of conduct can result in multiple convictions and sentences under the
same statute, the doctrine of substantive double jeopardy is implicated, and the
"unit of prosecution," or the precise act criminalized by the statute, must be
identified. See State v. Marlowe, 277 Ga. 383 (1) (589 SE2d 69) (2003). The
Double Jeopardy Clause imposes few limits upon the legislature's power to
define offenses. "Whether a particular course of conduct involves one or more
distinct 'offenses' under the statute depends on this [legislative] choice."
Sanabria v. United States, 437 U. S. 54, 70 (98 SCt 2170, 57 LE2d 43) (1978);
see also OCGA § 16-1-4 ("No conduct constitutes a crime unless it is described
as a crime in this title or in another statute of this state."). As we have said
numerous times, the text of the statute itself best reflects that legislative choice.

Our analysis turns on the proper interpretation of OCGA § 16-11-131 (b)
(2014) which states, in relevant part, as follows: "Any person . . . who has been
convicted of a felony by a court of this state . . . and who receives, possesses, or

transports any firearm commits a felony and, upon conviction thereof, shall be imprisoned for not less than one nor more than five years[.]" Id. When we construe such statutory authority on appeal, our review is de novo. Hankla v. Postell, 293 Ga. 692, 693 (749 SE2d 726) (2013). In determining the appropriate unit of prosecution under this statute,

> we apply the fundamental rules of statutory construction that require us to construe the statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. We must also seek to effectuate the intent of the Georgia legislature. OCGA § 1-3-1 (a). In this regard, in construing language in any one part of a statute, a court should consider the entire scheme of the statute and attempt to gather the legislative intent from the statute as a whole.

(Citation and punctuation omitted.) In re Estate of Gladstone, 303 Ga. 547, 549 (814 SE2d 1) (2018). As a criminal statute, OCGA § 16-11-131 (b) (2014) must be strictly construed against the State. Pope v. State, 301 Ga. 528, 530 (801 SE2d 830) (2017). So we turn first to the text itself.

The parties' arguments, as well as the opinion of the Court of Appeals, focus in large part on the phrase "any firearm." While we agree that this term is important, this phrase must be read concomitantly with the remainder of the statute so as to avoid rendering any portion of the statute meaningless. Looking

at the phrase "any firearm" (for now), "any" can refer to both the quantity and the quality of the noun it precedes. See Webster's New World Dictionary of the American Language (2nd college ed. 1980) (defining "any" as "some, no matter how much or how little, how *many*, or what *kind*") (emphasis supplied). However, subsection (a) of the statute defines "firearm" as "*any* handgun, rifle, shotgun, or other weapon which will or can be converted to expel a projectile by the action of an explosive or electrical charge." (Emphasis supplied.) OCGA § 16-11-131 (a) (2) (2014). As such, "any," as used in subsection (b), does not refer to the *kind* of firearm. Rather, "any," as used in that subsection, must be understood in the quantitative sense; in this context, the word "does not imply a specific quantity; the quantity is *without limit*." Gerald Nelson & Sidney Greenbaum, *An Introduction to English Grammar* 58 (4th ed. 2016) (emphasis supplied). In short, the phrase "any firearm," as used in the statute under consideration, indicates that the quantity of firearms, whether one or many, is inconsequential.

Transposing, then, our interpretation of the phrase "any firearm" into the statutory language leaves us with a statute that reads, in essence, as follows:

4

Any person . . . who has been convicted of a felony by a court of this state . . . and who *receives*, *possesses*, or *transports* [one or more firearms] *commits a felony*, and upon conviction thereof, shall be imprisoned for not less than one nor more than five years[.]

(Emphasis supplied.) OCGA § 16-11-131 (b) (2014). Reading the statute in a natural and ordinary way, it is clear that the gravamen of the offense is the general receipt, possession, or transportation of firearms by convicted felons, rather than the specific quantity of firearms received, possessed, or transported. Accordingly, we conclude that OCGA § 16-11-131 (b) is unambiguous and permits only one prosecution and conviction for the simultaneous possession of multiple firearms.[3]

Bolstering this conclusion is the fact that this Court has previously recognized that "[i]n enacting OCGA § 16-11-131 . . . , the General Assembly sought to keep guns out of the hands of those individuals who by their prior conduct had demonstrated that they may not possess a firearm without being a threat to society." Landers v. State, 250 Ga. 501, 503 (299 SE2d 707) (1983). And while "[i]t may make sense to punish a defendant who [possesses] two

---

[3] Because this case concerns only the simultaneous possession of multiple firearms, we do not address the statute's applicability in cases involving the possession of multiple firearms in different spaces or times.

guns . . . more harshly than a defendant who possesses only one gun," <u>Stovall v. State</u>, 287 Ga. 415, 423 (696 SE2d 633) (2010) (Nahmias, J., concurring), the General Assembly has not, by clear and unambiguous language, provided that the possession of multiple firearms authorizes multiple prosecutions.[4]  See also <u>Acey v. Commonwealth</u>, 511 SE2d 429, 434 (Va. Ct. App. 1999) ("If the possession of a firearm by a felon is, of itself, the dangerous act, the number of weapons with which a felon is armed becomes irrelevant. Whether the felon bears one or one hundred firearms, the felon is 'dangerously armed.'").  In fact, the General Assembly has employed such clear, unambiguous language in numerous other contexts throughout the Georgia Code.  See, e.g., OCGA § 16-11-106 (e) ("Any crime committed in violation of subsections (b) and (c) of this Code section shall be considered a separate offense."); OCGA § 12-9-55 (d) ("Each day of continued unlawful registration shall be a separate offense.");

---

[4] We recognize that if reasonable minds disagreed as to whether the statute is, in fact, ambiguous, "the rule of lenity would require us to interpret it in favor of the defendant."  <u>Haley v. State</u>, 289 Ga. 515, 527 (712 SE2d 838) (2011).  See, e.g., <u>United States v. Verrecchia</u>, 196 F3d 294 (II) (A) (1st Cir. 1999); <u>United States v. Valentine</u>, 706 F2d 282 (V) (10th Cir. 1983); <u>United States v. Rosenbarger</u>, 536 F2d 715 (III) (6th Cir. 1976).  Plainly put, all roads lead to the same conclusion: Coates may be convicted and sentenced for only one count of possession of a firearm by a convicted felon.

OCGA § 34-8-256 (b) ("Each such act [of making a false statement or representation] shall constitute a separate offense."); OCGA § 43-50-45 (c) ("[E]ach act of an unlawful practice shall constitute a distinct and separate offense.").

Based on the foregoing, the Court of Appeals erred. Accordingly, we reverse the Court of Appeals' decision, vacate Coates' convictions and sentences for the four counts of possession of a firearm by a convicted felon, and remand this case for the trial court to convict and resentence Coates on only one of those counts.

Judgment reversed in part and vacated in part, and case remanded with direction. Hines, C. J., Melton, P. J., Benham, Nahmias, Blackwell, Boggs, and Peterson, JJ., concur.

7

Decided August 27, 2018.

Certiorari to the Court of Appeals of Georgia — 342 Ga. App. 148.

Joshua A. Larkey, for appellant.

George E. Barnhill, District Attorney, Ian L. Sansot, Assistant District Attorney, for appellee.