**FIFTH DIVISION
MCFADDEN, P. J.,
GOBEIL and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 26, 2019**

# In the Court of Appeals of Georgia

A17A1463. HARRELL v. THE STATE.
A17A1464. HARRELL v. THE STATE.

GOBEIL, Judge.

This opinion represents the second time we have considered these consolidated appeals, which involve the question of whether the sentence imposed on David Willard Harrell following his conviction for three counts of possession of a firearm by a convicted felon was either subject to modification or void. In an unpublished, per curiam opinion dated March 12, 2018, we affirmed the trial court's order denying Harrell's motion for sentence modification in Case No. A17A1463. Additionally, in Case No. A17A1464, we dismissed Harrell's appeal from the trial court's order denying Harrell's motion to vacate his sentence as void. The Georgia Supreme Court thereafter granted Harrell's petition for certiorari, vacated our opinion and order of

dismissal, and remanded the case to this Court for reconsideration in light of the Supreme Court's decision in *Coates v. State*, 304 Ga. 329 (818 SE2d 622) (2018). As explained more fully below, in light of *Coates*, we vacate Harrell's convictions and sentences and remand these cases to the trial court for entry of a new judgment of conviction and a new sentence.

The relevant facts are undisputed and show that when the police responded to a 911 call reporting a shooting, they found Harrell's girlfriend (the victim of the shooting), Harrell, and three different firearms (a pistol, a shotgun, and a rifle) at the scene. Harrell was subsequently charged with three counts of possession of a firearm by a convicted felon, in violation of OCGA § 16-11-131 (b).[1]

Harrell pled guilty to the charges under a negotiated plea agreement, and the trial court then sentenced Harrell to five years on each of the three counts of possession of a firearm, with five years to serve in incarceration and the remaining 10 years to be served on probation. Harrell thereafter filed a motion to reduce his sentence arguing, inter alia, that his three separate convictions for possession of a

---

[1] Although police suspected Harell in the shooting of his girlfriend, they opted not to charge him with aggravated assault. Given the inconsistent statements made by the girlfriend and the girlfriend's insistence that she did not want Harrell to go to jail, the prosecutor doubted the State's ability to obtain a conviction for the assault.

firearm should have been merged for sentencing purposes. The trial court denied that motion, and Harrell then filed a motion to correct a void sentence, again asserting that the trial court erred in sentencing him separately on each of the three counts. After the trial court denied that motion, Harrell appealed the denial of both his motion to modify his sentence (Case No. A17A1463) and his motion to vacate his sentence as void (Case No. A17A1464).

Prior to the Georgia Supreme Court's decision in *Coates*, this Court had held that a convicted felon could be charged, convicted, and sentenced separately for each of the firearms found in his possession at the time of his arrest. *Coates v. State*, 342 Ga. App. 148, 152-153 (802 SE2d 65) (2017); *Warren v. State*, 289 Ga. App. 481, 484 (3) (657 SE2d 533) (2008). Relying on that law, our original opinion affirmed the trial court's denial of Harrell's motion to modify his sentence and dismissed Harrell's appeal from the denial of his motion to vacate his sentence as void. In *Coates*, however, the Supreme Court of Georgia overruled our prior decisions on this issue and held that OCGA § 16-11-131 (b) permits only one prosecution, conviction, and sentence "for the simultaneous possession of multiple firearms." 304 Ga. at 332.

Applying the holding in *Coates* to the cases at hand, we find that the trial court erred in convicting and sentencing Harrell for three separate violations of OCGA §

3

16-11-131 (b) based on his simultaneous possession of a pistol, a shotgun, and a rifle. Accordingly, we reverse the trial court's orders in Case Nos. A17A1463 and A17A1464, "vacate [Harrell's] convictions and sentences for the [three] counts of possession of a firearm by a convicted felon, and remand this case for the trial court to convict and resentence [Harrell] on only one of those counts." *Coates*, 304 Ga. at 332.

*Judgments reversed, convictions vacated, and cases remanded with direction.*

*McFadden, P. J., and Coomer, J., concur.*