310 Ga. 7
FINAL COPY

S19G1516.  EDVALSON v. THE STATE.

BOGGS, Justice.

A jury found Thomas Edvalson guilty of 22 counts of sexual exploitation of children, OCGA § 16-12-100 (2003),[1] for possession of 11 digital images depicting a minor engaged in sexually explicit conduct.[2] With respect to each digital image, he was found guilty of both possession under OCGA § 16-12-100 (b) (8)[3] and possession with intent to distribute under OCGA § 16-12-100 (b) (5).[4] At sentencing, the trial court merged the "simple" possession counts

---

[1] Because the crimes occurred in 2012, the 2003 version of this statute applies, but later amendments did not change the language at issue here.

[2] "Edvalson owned and maintained a child pornography website called Cruels.net, and the images of child sexual abuse were found on electronic drives and computers located at his Gwinnett County residence." *Edvalson v. State* (Case No. A19A0442), 351 Ga. App. XXIV (June 28, 2019) (unpublished).

[3] "It is unlawful for any person knowingly to possess or control any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct."

[4] "It is unlawful for any person knowingly to create, reproduce, publish, promote, sell, distribute, give, exhibit, or possess with intent to sell or distribute any visual medium which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct."

under paragraph (b) (8) into the counts of possession with intent to distribute under paragraph (b) (5), and sentenced Edvalson on the remaining 11 counts to a total of 60 years, with 19 to be served in prison. Edvalson appealed, asserting, among other enumerations of error, that the trial court erred in failing to merge his convictions into a single count. The Court of Appeals affirmed in an unpublished opinion, concluding that OCGA § 16-12-100 (b) (5) permits a defendant to be separately convicted and sentenced for each of the images in his possession. See *Edvalson v. State* (Case No. A19A0442), 351 Ga. App. XXIV (June 28, 2019) (unpublished).

We granted certiorari to consider whether the Court of Appeals erred in failing to merge the remaining 11 convictions under OCGA § 16-12-100 (b) (5) into a single conviction. In accordance with our reasoning in *Coates v. State*, 304 Ga. 329, 331 (818 SE2d 622) (2018), we conclude that the plain language of OCGA § 16-12-100 (b) (5), interpreted in the context of the entire statute, is unambiguous and permits only one prosecution and conviction for a single act of possession of child pornography, regardless of the number of images

depicted therein.[5] We therefore reverse the judgment of the Court of Appeals and remand the case with direction.

> Where, as here, we are presented with the question of whether a single course of conduct can result in multiple convictions and sentences under the same statute, the doctrine of substantive double jeopardy is implicated, and the "unit of prosecution," or the precise act criminalized by the statute, must be identified. The Double Jeopardy Clause imposes few limits upon the legislature's power to define offenses. Whether a particular course of conduct involves one or more distinct "offenses" under the statute depends on this legislative choice. As we have said numerous times, the text of the statute itself best reflects that legislative choice.

(Citations and punctuation omitted.) *Coates*, 304 Ga. at 330.

In *Coates*, we granted certiorari in order to consider the appropriate unit of prosecution for a charge of possession of a firearm by a convicted felon under OCGA § 16-11-131 (b) (2014): "Any person . . . who has been convicted of a felony by a court of this state . . . and who receives, possesses, or transports any firearm commits a felony and, upon conviction thereof, shall be imprisoned for not less than one nor more than five years[.]" While executing a

---

[5] The State concedes that the Court of Appeals erred in this regard.

search warrant, the police found four firearms in Coates' residence. Coates was convicted and sentenced on four separate counts of possession of a firearm by a convicted felon, and the Court of Appeals affirmed, concluding that the term "any firearm" found in OCGA § 16-11-131 (b) "was intended by the legislature to refer to a single firearm rather than multiple firearms." *Coates v. State*, 342 Ga. App. 148, 152 (802 SE2d 65) (2017).

On certiorari, this Court reversed on the basis of well-established rules of statutory construction: "to construe the statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage," to "effectuate the intent of the Georgia legislature," and to "consider the entire scheme of the statute and attempt to gather the legislative intent from the statute as a whole." (Citations and punctuation omitted.) *Coates*, 304 Ga. at 330. Finally, a criminal statute must be construed strictly against the State, see id. at 331, and "if reasonable minds disagreed as to whether the statute is, in fact, ambiguous, the rule of lenity would require us to

interpret it in favor of the defendant." (Citations and punctuation omitted.) Id. at 332 n.4.

In applying these rules of construction, this Court focused its analysis of the statute in *Coates* on the interplay between the term "any firearm" in OCGA § 16-11-131 (b) and the definition of "firearm" in OCGA § 16-11-131 (a) (2):

> Looking at the phrase "any firearm" (for now), "any" can refer to both the quantity and the quality of the noun it precedes. See Webster's New World Dictionary of the American Language (2nd college ed. 1980) (defining "any" as "some, no matter how much or how little, how *many*, or what *kind*") (emphasis supplied). However, subsection (a) of the statute defines "firearm" as "*any* handgun, rifle, shotgun, or other weapon which will or can be converted to expel a projectile by the action of an explosive or electrical charge." (Emphasis supplied.) OCGA § 16-11-131 (a) (2) (2014). As such, "any," as used in subsection (b), does not refer to the *kind* of firearm. Rather, "any," as used in that subsection, must be understood in the quantitative sense; in this context, the word "does not imply a specific quantity; the quantity is *without limit*." Gerald Nelson & Sidney Greenbaum, *An Introduction to English Grammar* 58 (4th ed. 2016) (emphasis supplied). In short, the phrase "any firearm," as used in the statute under consideration, indicates that the quantity of firearms, whether one or many, is inconsequential.

(Emphasis in original.) *Coates*, 304 Ga. at 331. As a result, we

concluded that in OCGA § 16-11-131 (b), "the gravamen of the offense is the general receipt, possession, or transportation of firearms by convicted felons, rather than the specific quantity of firearms received, possessed, or transported," and therefore the statute unambiguously permits only one conviction for simultaneous possession of any number of firearms. Id. at 331-332. Coates' multiple convictions were vacated and the case remanded for resentencing. Id. at 332.

Here, the analysis of OCGA § 16-12-100 (b) (5), in its statutory context, yields a similar result. That subsection provides:

> It is unlawful for any person knowingly to create, reproduce, publish, promote, sell, distribute, give, exhibit, or possess with intent to sell or distribute *any visual medium* which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct.

(Emphasis supplied.) In interpreting this Code section, the Court of Appeals did not read paragraph (b) (5) "concomitantly with the remainder of the statute so as to avoid rendering any portion of the statute meaningless," *Coates*, 304 Ga. at 331, but observed only that "[t]he legislature's frequent use of the word 'any' throughout the

statute suggests a lack of restriction or limitation with respect to the statute's intended scope." (Citations and punctuation omitted.) *Edvalson*, slip op. at 10-11.[6]

This reading was incorrect, as it did not take into account the multiple meanings of the word "any" in the statute construed as a whole. A proper analysis produces a result similar to that reached in *Coates*. Here, the term "any visual medium" in OCGA § 16-12-100 (b) (5) must be read in light of the definition provided by the General Assembly in OCGA § 16-12-100 (a) (5): "'Visual medium' means *any* film, photograph, negative, slide, magazine, or other visual

---

[6] In its unpublished opinion, the Court of Appeals rejected the application of this Court's decision in *Coates* and instead relied heavily on its own decision in *State v. Williams*, 347 Ga. App. 183, 186 (818 SE2d 256) (2018). That reliance was not well-founded. While the Court of Appeals in *Williams* addressed a unit-of-prosecution issue, it was with reference to another paragraph of the statute, OCGA § 16-12-100 (b) (8), containing different language from that found in paragraph (b) (5). Moreover, this Court granted certiorari and, in *Williams v. State*, 307 Ga. 778 (838 SE2d 235) (2020), held that Williams' claim was premature at the pretrial stage of the proceedings. While this Court affirmed the judgment of the Court of Appeals, it did so on that alternative ground, specifically noting, "Because we conclude that this difficult question is not yet ripe for resolution in this case, we have no occasion to answer it today. The Court of Appeals also should not have attempted to resolve the question, and its opinion in this case should not be relied on as precedent." Id. at 784 (2) n.10.

medium." (Emphasis supplied.) Accordingly, "any visual medium" in paragraph (b) (5) cannot refer to the qualitative sense of "any," as that meaning is provided by the definition in paragraph (a) (1). Instead, "any" in the phrase "any visual medium" must be interpreted as a quantitative term, implying no specific quantity and having no limit. As in *Coates*, the offense is the possession of any prohibited "visual medium" at all, whether one or one hundred.[7] Accordingly, we conclude that OCGA § 16-12-100 (b) (5) is unambiguous and permits only one prosecution and conviction for the simultaneous possession of multiple items of "visual media."[8]

For these reasons, the Court of Appeals erred. Accordingly, we

---

[7] This conclusion is bolstered by the fact that a single film, magazine, or "other visual medium" such as a book or website could contain hundreds or even thousands of "photographs" or images, also included within the definition of "visual medium" in OCGA § 16-12-100 (a) (5). Indeed, the police testified that over 900 digital images were recovered in a forensic examination of Edvalson's computers and other devices.

[8] As we similarly observed in *Coates*, because this case concerns only the simultaneous possession of multiple "visual media," we state no opinion regarding cases involving the possession of different visual media in separate places or at separate times. See *Coates*, 304 Ga. at 332 n.3. Nor, despite the State's urging, do we state an opinion regarding whether this decision should be applied retroactively to other cases. We need not address that question to decide this case.

reverse the Court of Appeals' decision and remand this case for the Court of Appeals to vacate Edvalson's convictions and sentences for the 11 counts under OCGA § 16-12-100 (b) (5) and to return the case to the trial court for resentencing consistent with our opinion.

*Judgment reversed and case remanded with direction. All the Justices concur, except Peterson, Ellington, and McMillian, JJ., disqualified, and Warren, J., not participating.*

Decided September 29, 2020.

Certiorari to the Court of Appeals of Georgia – 351 Ga. App. XXIV.
*Pate & Johnson, Page A. Pate, Jess B. Johnson*, for appellant.
*Daniel J. Porter, District Attorney, Samuel R. d'Entremont, Christopher A. George, Assistant District Attorneys*, for appellee.