**FOURTH DIVISION
DOYLE, P. J.,
MARKLE, J., and SENIOR APPELLATE JUDGE PHIPPS.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**May 12, 2021**

# In the Court of Appeals of Georgia

A19A0442. EDVALSON v. THE STATE.

MARKLE, Judge.

Following a jury trial, Thomas Edvalson was convicted of 22 counts of sexual exploitation of children (OCGA § 16-12-100 (2012)), for possessing 11 digital images depicting a minor engaged in sexually explicit behavior. *Edvalson v. State*, 310 Ga. 7 (849 SE2d 204) (2020). For each digital image, Edvalson was found guilty of both possession, pursuant to OCGA § 16-12-100 (b) (8), and possession with intent distribute, under OCGA § 16-12-100 (b) (5). *Edvalson*, 310 Ga. at 7. At sentencing, the trial court merged all the possession counts into the possession with intent to distribute counts and sentenced him only on the possession with intent to distribute counts. Id.

Edvalson appealed from the sentence imposed, and we affirmed, holding that OCGA § 16-12-100 (b) (5) allowed Edvalson to be separately convicted and sentenced for each image in his possession. *Edvalson v. State*, (Case No. A19A0442), 351 Ga. App. XXIV (June 28, 2019) (unpublished). The Supreme Court of Georgia granted certiorari and reversed our decision, holding that the plain language of OCGA § 16-12-100 (b) (5) permits only one prosecution and conviction for a single act of possession of child pornography, regardless of the number of images. *Edvalson*, 310 Ga. at 7-11, citing *Coates v. State*, 304 Ga. 329, 331-332 (818 SE2d 622) (2018). Thus, the Supreme Court found that we erred in affirming the trial court's sentence as to each individual possession count. *Id.*, 310 Ga. at 7-11. The Court then remanded the case to this Court to vacate Edvalson's convictions and sentences, and to remand the case to the trial court for re-sentencing.[1] Id. at 11.

---

[1]"When the Supreme Court considers only a portion of a Court of Appeals' opinion and reverses, it is for [this Court] to determine on remand whether the portions of its earlier opinion that were not considered by [the Supreme Court] are consistent with [its] ruling." (Citations and punctuation omitted.) *Agnes Scott College, Inc. v. Hartley*, 330 Ga. App. 575, 576 (2) (768 SE2d 767) (2015). Edvalson raised an ineffective assistance claim with regard to trial counsel's failure to request that the trial court merge the possession with intent to distribute counts into a single count. *Edvalson*, 351 Ga. App. XXIV. However, the Supreme Court's opinion moots Edvalson's argument in this regard.

Accordingly, we adopt the Supreme Court's decision as our own, vacate Edvalson's convictions and sentences for the 11 counts under OCGA § 16-12-100 (b) (5), and remand the case to the trial court for resentencing consistent with the Supreme Court's decision.[2]

*Judgment vacated and case remanded with direction. Doyle, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[2] In a footnote, the Supreme Court indicated that we "rejected" its decision in *Coates v. State*, 304 Ga. 329, 331-332 (818 SE2d 622) (2018), and instead relied heavily on our own decision in *State v. Williams*, 347 Ga. App. 183, 186 (818 SE2d 256) (2018), in evaluating the unit-of-prosecution issue, and it concluded that our reliance thereon "was not well-founded." *Edvalson*, 310 Ga. at 8, n. 6. We take this opportunity to note that the Supreme Court's decision in *Williams v. State*, 307 Ga. 778 (838 SE2d 235) (2020) was issued *after* our original decision in *Edvalson*. Thus, our holding in *Edvalson* was based on existing precedent at the time. Additionally, we did not reject or otherwise ignore *Coates*; we acknowledged it as precedent and relied on the analysis therein to reach a different conclusion.