**SECOND DIVISION
MILLER, P. J.,
HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 18, 2021**

# In the Court of Appeals of Georgia

A21A0540. MCCURDY v. THE STATE.

PIPKIN, Judge.

Russell Calvin McCurdy was convicted by a jury of rape, multiple counts of child molestation and aggravated child molestation, and 55 counts of sexual exploitation of a minor.[1] McCurdy appeals, arguing that the evidence was insufficient and that the trial court should have merged his convictions for sexual exploitation of a minor. While we find the evidence sufficient to support the guilty verdicts on all counts, we agree, as more fully set forth below, that merger is required as to his convictions and sentences for sexual exploitation of a minor. Accordingly, we vacate

---

[1] McCurdy was charged with fifty-seven counts of sexual exploitation of a minor, but the trial court directed a verdict on two of the counts. The trial court also merged several of the child molestation and aggravated child molestation counts for sentencing.

his sentence as to those counts and remand for resentencing consistent with this opinion.

1. McCurdy first contends that the evidence was insufficient.

Viewed in the light most favorable to the verdict,[2] the evidence shows that children of all ages, some of whom were related to McCurdy's girlfriend or his ex-wife, frequently played at McCurdy's house without their parents being present. Five of these children were named in the counts charging McCurdy with rape, child molestation and aggravated child molestation. The sexual exploitation of children counts each alleged that McCurdy possessed an "animated visual medium" depicting a child or children engaged in sexually explicit conduct. See OCGA § 16-12-100 (b) (8). We consider McCurdy's challenge to the sufficiency of the evidence as to the various counts and separate victims in turn, setting out additional evidence as it pertains to those counts.

(a) *Counts 1 through 3*. Counts 1 through 3 of the indictment allege that McCurdy committed the crimes of rape, aggravated child molestation (by an act of oral sodomy) and child molestation (by placing his hands on the buttocks and vagina) against K. A. The evidence shows that K. A.'s mother contacted police after learning

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2

that K. A. had reported to a family member that McCurdy had "messed" with her. Although the victim, who was only four years old at the time the crimes were committed, testified at trial she did not remember McCurdy or the sexual acts he perpetrated against her,[3] K. A. reported during a forensic interview conducted several weeks after she made her outcry that "Papa Russell" had pulled down her pants and touched her on her privates and buttocks while she was sleeping, "making her [privates] feel worse." Further, during a search of McCurdy's home, police found video recordings stored on one of his computers showing a man rubbing his penis on the labia and then forcing his penis into the vagina of a sleeping or unconscious young girl, a man placing his tongue on the labia and inside the vagina of a sleeping or unconscious young girl, and a man masturbating while he fondled the buttocks and vagina of a sleeping or unconscious young girl; these video clips were played for the jury at trial. K. A.'s mother identified K. A. as the child in the video clips, and she gave police the shirt that the child was seen wearing in some of them. Although McCurdy argues that the evidence was insufficient to establish his identity and venue since his face was not seen during the sex acts, another video clip stored in the same folder shows McCurdy's face, parts of his distinctive tattoos can be seen while he was

---

[3] K. A. was seven years old when she testified at trial.

adjusting the video camera in the clips, and the part of his bedroom painted a distinctive green is visible in some of the clips;[4] screen shots of this evidence were also shown to the jury at trial, and it is clear from the video clips that it is the same man abusing the same young girl in all the clips. Additionally, during one of the videos, an adult's voice is heard asking "Where's Bonnie," and testimony was presented that a dog named Bonnie lived at the residence where the acts were alleged to have occurred. This evidence, as well as other evidence presented at trial linking McCurdy to the videos,[5] was more than sufficient under the standard of *Jackson v. Virginia*, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979), to authorize McCurdy's convictions for the crimes charged in Counts 1 through 3 of the indictment.

(b) *Counts 4 and 5*. Counts 4 and 5 charge McCurdy with committing acts constituting the offenses of aggravated child molestation (by placing his mouth on the victim's vagina) and child molestation (by touching the victim's vagina) against L. N. R. This victim, who was 14 years old when she testified at trial, testified that

[4] Testimony was presented that McCurdy's house where the acts were alleged to have occurred and the materials relating to the sexual exploitation charges were found was located in Richmond County.

[5] For instance, several of the victims told the forensic interviewer that McCurdy had cameras all over his house, and one of the victims testified about him recording her while she was in the shower through an opening he had made in the bathroom.

4

McCurdy and her Aunt Lindsey lived together and that sometimes she and her sisters would spend several nights there or stay the weekend. She recounted that one time McCurdy touched her on her "girl's area" with his hand and said that it made her uncomfortable and nervous to talk about it. In her forensic interview, which was played for the jury, L. N. R. told the interviewer that "my Auntie's boyfriend" had touched and licked her on her "girl's part," and she indicated on an anatomical drawing that her "girl's part" was her vagina. This evidence was sufficient to convict McCurdy of the crimes of child molestation and aggravated child molestation as charged in Counts 4 and 5 of the indictment.

(c) *Counts 6 and 7.* Counts 6 and 7 of the indictment allege that McCurdy committed acts of aggravated child molestation (by placing his mouth on the victim's vagina) and child molestation (by touching the victim's vagina and attempting to have her touch his penis) against L. L. R. This victim, who was 13 years old at the time of trial, told the jury that one night when she stayed over at his house, McCurdy touched her private part with his mouth; she identified her "private part" as the part below the belt that a girl uses to go to the bathroom. She testified that during her forensic interview at the Child Advocacy Center, she also told the interviewer about "other stuff" McCurdy did to her, and when the interview was played for the jury, they heard

the victim tell the interviewer that McCurdy pulled her pants down and touched her on her private part with his hand and that he had her touch him on his private part. Although McCurdy points to inconsistencies between L. L. R.'s recorded forensic interview and her testimony at trial, "[i]t is the role of the jury to resolve conflicts in the evidence and to determine the credibility of witnesses, and the resolution of such conflicts adversely to the defendant does not render the evidence insufficient." (Citation and punctuation omitted.) *Green v. State*, 304 Ga. 385, 387-388 (1) (818 SE2d 535) (2018). *Jackson v. State*, 330 Ga. App. 822, 825 (769 SE2d 567) (2015) (same).

(d) *Counts 8 and 9*. Counts 8 and 9 allege McCurdy committed acts of child molestation against T. C. by placing his hand on her breast and vagina and placing her hand on his penis. T. C. told a forensic interviewer that when she was almost 12 years old, McCurdy touched her under her bathing suit while they were in a Jacuzzi at his house and that on another occasion, he touched her on her breast with his hand and made her touch his private with her hand; this interview was played for the jury at trial. At trial, T. C. admitted that she made those statements but denied that the molestations had occurred. However, it has been firmly established that the resolution

6

of conflicts between a victim's trial testimony and her pretrial inconsistent statement is for the jury. *Walker v. State*, 348 Ga. App. 273, 275 (1), n.1 (821 SE2d 567) (2018).

> This is true even in cases in which the victim recants her previous accusation against the defendant. The reason for this rule is that the victim's prior inconsistent statements are admissible as substantive evidence for the jury's consideration. Thus, a jury is authorized to believe the victim's pre-trial statement rather than her in-court disavowal.

(Citation omitted.) *Miller v. State*, 300 Ga. App. 652, 655 (686 SE2d 302) (2009).[6]

(e) *Count 10.* Count 10 of the indictment alleges that McCurdy committed child molestation by asking L. A. R. to perform oral sex on him. L. A. R. testified at trial that when she was in the seventh grade, the following conversation occurred when she went to the store with McCurdy:

> [McCurdy] was like, do you know what a 69 is? And I was like, no. And he was like, do you want to know what it is, and like do you want to find out? And I was like, no. And he was like, is it because you're scared or you don't want people to find out about it?

---

[6] Although *Miller* was decided under Georgia's old evidence code, the rules surrounding the admission and consideration of this type of evidence remain substantially unchanged. See *Chambers v. State*, 351 Ga. App. 771, 773-774 (1) (833 SE2d 155) (2019).

The victim testified he also described what he was talking about: "He was like, you go down on me and I like go down on you, like at the same time."

McCurdy argues on appeal that the evidence was insufficient because he just asked L. A. R. a question and never touched her; he says that at most, he was guilty of attempted child molestation, not child molestation. We disagree. Pursuant to OCGA § 16-6-4 (a) "A person commits the offense of child molestation when such person: (1) Does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]" Although not directly posed as a question, ascertaining whether L. A. R. would commit the act with him was clearly the import of the conversation. And McCurdy did not merely proposition the victim – he also explained an oral sex position to a middle-school-aged girl who had indicated to him that she was not interested in knowing what his reference to a "69" meant, and he did so not in generic terms but by describing what he would do to her and what she would do to him "at the same time" during a conversation that took place while they were alone in his vehicle. Our law is clear that "touching" is not necessary to show an act of child molestation, and we have previously held that "the 'act' required by the statute may be merely verbal." *Hicks v. State*, 254 Ga. App. 814, 816 (2) (563 SE2d

8

897) (2002) (verbal act of asking victim to spread her legs was sufficient to show child molestation). See *Thompson v. State*, 287 Ga. App. 563, 563-564 (2) (370 SE2d 819) (1988) (although defendant did not touch the child, evidence that he made the child dance naked in his presence was sufficient to constitute child molestation). Further, "[f]or the purposes of OCGA § 16-6-4, immoral or indecent acts are acts generally viewed as morally indelicate or improper or offensive and acts which offend against the public's sense of propriety." (Punctuation omitted.) *Cavender v. State*, 329 Ga. App. 845, 847 (10) (766 SE2d 196) (2014), disapproved on other grounds, *Martin v. McLaughlin*, 284 Ga. 44, 46, n.3 (779 SE2d 294) (2015). It was for the jury to decide whether McCurdy's act of engaging in a graphic conversation about oral sex with a middle-school-age child while sitting alone with her in a vehicle was such an immoral or indecent act, and likewise for the jury to decide whether such act was done with the intent to arouse or satisfy his sexual desires. See *Brown v. State*, 324 Ga. App. 718, 720-721 (1) (751 SE2d 517) (2013) (recognizing that "[t]he child molestation statute does not require proof of the defendant's actual arousal" and that the intent to arouse may be inferred) (citation and punctuation omitted). Accordingly, McCurdy is not entitled to reversal of his conviction for this offense.

(f) *Counts 11-29, 31-51, and 52-67.*[7] These counts allege that McCurdy committed the crime of sexual exploitation of a minor by possessing videos of minors engaged in sexually explicit conduct. On appeal, McCurdy argues that the evidence was insufficient to show he possessed the videos because nothing placed him "behind the computer" where the videos were found. This contention is unavailing. Counts 11 and 12 of the indictment concern the possession of the videos McCurdy made while he was raping and molesting K. A., and the State's forensic computer expert testified about the evidence linking the camera used for the recordings and one of McCurdy's computers. Further, as stated in Division 1, circumstances existed that allowed McCurdy to be identified as the man committing the acts against K. A., and the other videos McCurdy was charged with possessing were found on the same device. The State's forensic expert also testified extensively about the digital footprints he found linking McCurdy with a computer on which McCurdy had made thousands of searches for child pornography, and the evidence showed that McCurdy's devices contained hundreds of images – including both the videos he was charged with possessing as well as other videos and photographs – of children

---

[7] As stated above, the trial court directed a verdict on Counts 30 and 52 and these charges were not submitted to the jury.

10

engaged in sexually explicit conduct. This evidence, as well as the evidence showing that McCurdy engaged in numerous acts of child molestation, some of which he recorded, was sufficient to show that McCurdy possessed the videos depicting minors engaged in sexually explicit conduct as alleged in the counts of the indictment charging him with sexual exploitation of a minor.

2. As stated above, McCurdy was convicted and sentenced on 55 counts of sexual exploitation of a minor based on his concurrent possession of visual media found on a single device depicting minors engaged in various sexually explicit acts. See OCGA § 16-12-100 (b) (8).[8] Citing *Edvalson v. State,* 310 Ga. 7 (849 SE2d 204) (2020), and *Coates v. State*, 304 Ga. 329 (818 SE2d 622) (2018), McCurdy argues that the trial court should have merged his convictions into a single count for sentencing. We are constrained to agree. The State concedes that the merger of counts 13-29, 31-51 and 53-67 is required under our Supreme Court's holdings in those cases, but argues that counts 11 and 12 should not merge because those relate to "home-grown" videos McCurdy created of the sex crimes he committed on K. A., which reflect date stamps showing that they were created at separate times. However,

[8] That subsection makes it "unlawful for any person to knowingly possess or control any material which depicts a minor or a portion of a minor's body engaged in sexually explicit conduct."

McCurdy was charged with possession, not creation, of the visual media described in counts 11 and 12, and those counts track the same language as the other counts charging sexual exploitation and recite the same date. The evidence also shows that the video clips of K. A. were found on the same device as the other visual media McCurdy was charged with possessing, and the State's forensic expert testified that the dates on the video clips of K. A. did not definitively establish when they were made. Thus, as charged, this case, like *Edvalson*, concerns the "simultaneous possession of multiple 'visual media'" 310 Ga. at 10, n. 8, and, as explained in *Edvalson* and *Coates*, the gravamen of the offense was the possession of prohibited material, not the number of items possessed. Id., 310 Ga. at 10; *Coates*, 304 Ga. at 331-332. We are thus constrained by our Supreme Court's reasoning in *Edvalson* and *Coates* to agree with McCurdy that we must vacate his sentences on the counts alleging sexual exploitation of children and remand for the trial court to merge his convictions into one count. See *Edvalson*, 310 Ga. at 11.

*Judgment affirmed in part, vacated and remanded in part. Miller, P. J., and Hodges, J., concur*.