**THIRD DIVISION
DOYLE, P. J.,
REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**June 25, 2021**

# In the Court of Appeals of Georgia

A21A0571. MACKY v. THE STATE.

REESE, Judge.

After a jury found James Macky, Jr., guilty of 25 counts of sexual exploitation of a minor,[1] the Superior Court of Columbia County sentenced him to consecutive 19-year sentences totaling 475 years, plus one year of probation. Macky appeals from the subsequent denial of his amended motion for a new trial, arguing that his trial counsel was ineffective in failing to file a motion to suppress, and that the trial court erred in imposing multiple punishments. For the reasons set forth infra, we vacate the judgment and remand for resentencing in light of a recent decision of the Supreme Court of Georgia in *Edvalson v. State*.[2]

---

[1] See OCGA § 16-12-100 (b) (8).

[2] 310 Ga. 7 (849 SE2d 204) (2020).

Viewed in the light most favorable to the verdict,[3] the evidence shows the following. Detective Charles Woodall, a member of the Georgia Bureau of Investigation's Internet Crimes Against Children Task Force, observed that an internet protocol ("IP") address associated with Macky was being used to share and obtain child pornography on peer-to-peer ("P2P") networks. Woodall requested a list of files from the user and ultimately downloaded two videos containing child pornography shared by that user.

Another member of the task force, Agent Charles Kicklighter, executed a search warrant on November 2, 2016, at Macky's home, collecting four hard drives (all held within a custom computer tower) containing numerous files with child pornography. The first ten counts of the indictment charged Macky with respect to images contained on a 500-gigabyte hard drive, while Counts 11 to 25 charged him with respect to 15 videos found on a 750-gigabyte hard drive. Each of the 25 files contained sexually explicit material involving a minor.

After the jury returned a verdict finding Macky guilty on all 25 counts, the trial court sentenced him on each count to 20 years, with 19 years to be served in confinement, followed by one year of probation. The court made the periods of

[3] See *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

2

incarceration consecutive, so that the total sentence was 475 years of incarceration, followed by 1 year of probation.

In its order denying Macky's amended motion for new trial, the trial court noted that *Edvalson* was pending, but declined to delay ruling on Macky's motion. The trial court concluded that Macky "possessed [25] separate, distinct images and video clips depicting different sexual acts, by and with different children," and that merger of the counts was thus inappropriate. This appeal followed.

> In order to prevail on such a claim of the ineffective assistance of counsel pursuant to *Strickland v. Washington*,[4] a criminal defendant must demonstrate that his counsel's performance was deficient and that, but for such deficiency, there is a reasonable probability that the outcome of the proceeding would have been different; on appeal, this Court is to accept the trial court's factual findings and credibility determinations unless they are clearly erroneous, but is to independently apply the legal principles to the facts.[5]

"The doctrine of merger precludes the imposition of multiple punishments when the same conduct establishes the commission of more than one crime. Whether

---

[4] 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984).

[5] *Slan v. State*, 316 Ga. App. 843, 844 (2) (730 SE2d 565) (2012) (punctuation and additional footnote omitted).

3

offenses merge is a legal question, which we review de novo."[6] With these guiding

principles in mind, we turn now to Macky's claims of error.

1. Macky argues that his trial counsel was ineffective in failing to file a motion

to suppress evidence because the information in the search warrant affidavit was

stale, and thus there was insufficient probable cause to support the search warrant.

Here, in the search warrant affidavit filed on May 2, 2017, Agent Kicklighter

attested that on October 18, 2016, he was assigned the P2P investigation initiated by

Detective Woodall and part of the statewide initiative dubbed Operation Southern

Impact. The packet contained a printed report that indicated Woodall had utilized the

P2P program to obtain downloads of child pornography from a specific IP address,

which was owned by Wide Open West ("WOW"). WOW had identified Macky as the

subscriber. According to Woodall's report, he was able to obtain two partial

downloads of child pornography from Macky's IP address on September 12, 2016.

"From July 2016 to September 2016, [Woodall] noted that the previously listed IP

address had numerous files of interest that were available for download." The

affidavit went on to describe the content of the two downloaded files.

---

[6] *Fordham v. State*, 352 Ga. App. 520, 526 (3) (835 SE2d 360) (2010) (citation and punctuation omitted).

4

"When claiming ineffectiveness for failure to file a motion to suppress, an appellant must establish a strong showing that the evidence would have been suppressed had a motion to suppress been filed."[7]

> While a magistrate must consider time as an element of probable cause when issuing a warrant, the mere passage of time does not equate with staleness. Rather, the inquiry is as to whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time of issuance of the search warrant.[8]

Here, the search warrant affidavit specifically indicated the date that Woodall downloaded the files from Macky's IP address, so that the magistrate had sufficient information to evaluate timeliness. Given the totality of the circumstances, including the fact that the items sought were not perishable, consumable, or disposable, and the explanation of P2P file sharing in the affidavit, the warrant was not based on stale

---

[7] *Bradley v. State*, 322 Ga. App. 541, 548 (3) (c) (745 SE2d 763) (2013) (citation and punctuation omitted).

[8] *Copeland v. State*, 273 Ga. App. 850, 853 (1) (a) (616 SE2d 189) (2005) (punctuation and footnotes omitted).

information.[9] Thus, Macky has failed to make a strong showing that the trial court would have granted a motion to suppress.[10]

2. While this appeal was pending, the Supreme Court of Georgia decided *Edvalson v. State*.[11] Although the State concedes that the trial court erred in imposing consecutive sentences on all 25 counts, the parties disagree as to how Macky should be sentenced on remand. Specifically, Macky argues that OCGA § 16-12-100 (b) (8) only permits one prosecution and conviction for a single act of possession, no matter how many discrete items of child pornography are possessed. The State contends that Macky should have been sentenced for two separate counts because there is significant evidence that he began to possess the images that formed the basis of Counts 1 through 10 at a separate time and in a separate physical location as the videos that formed the basis of Counts 11 through 25. Under the facts of this case, we find Macky's argument persuasive.

Under OCGA § 16-12-100 (b) (8), "[i]t is unlawful for any person knowingly to possess or control *any material* which depicts a minor or a portion of a minor's

---

[9] See *Tarvin v. State*, 277 Ga. 509, 511 (4) (591 SE2d 777) (2004).

[10] See *Gerbert v. State*, 339 Ga. App. 164, 166 (1) (a) (793 SE2d 131) (2016).

[11] 310 Ga. 7.

body engaged in any sexually explicit conduct."[12] In *Edvalson*, the defendant was convicted of possessing 11 digital images depicting a minor engaging in sexually explicit conduct.[13] Each image earned him two convictions: one for possession under subsection (b) (8) and the other for possession with intent to distribute under subsection (b) (5).[14] The trial court merged the possession counts into the possession with intent counts, and sentenced him on the remaining 11 counts.[15]

On appeal, the Supreme Court of Georgia held that the convictions should have been merged into a single conviction because "the plain language of OCGA § 16-12-100 (b) (5), interpreted in the context of the entire statute, is unambiguous and permits only one prosecution and conviction for a single act of possession of child pornography, regardless of the number of images depicted therein."[16] Under OCGA § 16-12-100 (b) (5), "[i]t is unlawful for any person knowingly to create, reproduce, publish, promote, sell, distribute, give, exhibit, or possess with intent to sell or

---

[12] (Emphasis supplied.)

[13] 310 Ga. at 7.

[14] Id.

[15] Id.

[16] *Edvalson*, 310 Ga. at 8.

7

distribute *any visual medium* which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct."[17]

The *Edvalson* Court concluded:

Here, the term "any visual medium" in OCGA § 16-12-100 (b) (5) must be read in light of the definition provided by the General Assembly in OCGA § 16-12-100 (a) (5): "'Visual medium' means *any* film, photograph, negative, slide, magazine, or other visual medium." Accordingly, "any visual medium" in paragraph (b) (5) cannot refer to the qualitative sense of "any," as that meaning is provided by the definition in paragraph (a) (1). Instead, "any" in the phrase "any visual medium" must be interpreted as a quantitative term, implying no specific quantity and having no limit. [T]he offense is the possession of any prohibited "visual medium" at all, whether one or one hundred.[18]

The Court added in a footnote, "because this case concerns only the simultaneous possession of multiple 'visual media,' we state no opinion regarding cases involving the possession of different visual media in separate places or at separate times."[19]

---

[17] (Emphasis supplied.)

[18] *Edvalson*, 310 Ga. at 10 (footnote omitted; emphasis in original); see also OCGA § 16-12-100 (a) (5) ("'Visual medium' means any film, photograph, negative, slide, magazine, or other visual medium.").

[19] Id. at 10, n. 8.

As an initial matter, as discussed in *Edvalson*, OCGA § 16-12-100 (b) (5) refers to "any visual medium[,]" which subsection (a) (5) defines as "any film, photograph, negative, slide, magazine, or other visual medium." By contrast, Macky was convicted under § 16-12-100 (b) (8), which refers to "any material[.]" That term is not defined in § 16-12-100. We conclude that the logic of *Edvalson* still applies. Reading the statute in a natural and ordinary way, the gravamen of the offense is the general possession of material, rather than the specific quantity possessed.[20] Thus, § 16-12-100 (a) (8) is unambiguous and permits only one prosecution and conviction for the simultaneous possession of multiple "material."[21]

Further, there was no evidence in this case regarding when Macky downloaded the files that formed the basis of the charges in the indictment. The State concedes that it is possible that the two types of media (the images that formed the basis of Counts 1-10 and the videos that formed the basis of Counts 11-25) were downloaded simultaneously.

---

[20] See *Coates v. State*, 304 Ga. 329, 331-332 (818 SE2d 622) (2018) (construing OCGA § 16-11-131 (b) (2014)).

[21] See id.

9

Accordingly, under *Edvalson*,[22] we vacate Macky's convictions and sentences for the 25 counts under OCGA § 16-12-100 (b) (8), and remand the case for the trial court to merge the convictions into a single conviction consistent with our opinion.

*Judgment vacated, and case remanded with direction. Doyle, P. J., and Brown, J., concur.*

---

[22] See *Edvalson*, 310 Ga. at 10.